84 So.2d 309 (1955)
C.P. DICKSON, Appellant,
v.
GRAHAM-JONES PAPER COMPANY, a Florida Corporation, Appellee.
Supreme Court of Florida. Special Division A.
December 14, 1955.
Rehearing Denied January 17, 1956.
Robert G. McNulty of McNulty & McNulty, St. Petersburg, for appellant.
R.W. Shackleford of Shackleford, Farrior, Shannon & Stallings, Tampa, for appellee.
DICKINSON, Associate Justice.
Plaintiff below, appellant here, sued defendant below, appellee here, for negligence, alleging that the manager of defendant's branch in Tampa, Florida, had owned a "fighting cock" which had vicious tendencies and which he, the manager, had permitted to be kept in defendant's branch, which fighting cock had attacked plaintiff, causing him injury, while he, plaintiff, was a business invitee of defendant corporation. No knowledge of such keeping was alleged to have been known to defendant corporation, nor was there any allegation that said keeping was within the scope of the manager's authority or in the furtherance of defendant's business. Thus the question involved is whether the defendant corporation is liable for the act of its manager in keeping such an animal in its Tampa branch.
A motion to dismiss a second amended complaint was sustained and the cause dismissed below.
The theory of plaintiff's case is that there was a duty on the part of the defendant to exercise reasonable and prudent care in guarding against injuries to business invitees.
There is a wealth of authority on the question of keeping vicious dogs and other ferocious animals, the owner being held liable therefor, but a corporation is *310 only responsible for the acts of its agents or employees while acting within the scope of their authority or while in the furtherance of its business. It is inconceivable to this Court how keeping a "fighting cock" is in the furtherance of the corporation business of a paper concern, nor is there any such allegation in the complaint. Certainly the corporation did not own the cock, nor was it engaged in such a business as promoting "fighting cocks". Knowledge of such keeping and knowledge of the viciousness of such animal are both necessary elements to be alleged in order to hold a corporation for the acts of its agents, servants, or employees.
In Fletcher Cyclopedia of Corporations, Permanent Edition, Vol. 3, Art. 793, Pages 30-32, we find: "The general rule is that knowledge acquired or possessed by an officer or agent of a corporation otherwise than in the course of his employment, or in relation to a matter which is not within the scope of his authority, is not notice to the corporation. So according to the weight of authority the knowledge of an officer of a corporation which comes to him through his private transactions outside of the range of his official duties is not imputable to the corporation itself so as to charge the corporation with constructive notice of the information received by the officer, * * *. The rule that notice to an officer or agent is notice to the corporation applies only where the matter with reference to which notice is given or acquired is within the scope of his authority and has some direct connection with his agency and the notice or knowledge comes to or is possessed by him in his official or representative capacity and where the officer or agent in the line of his duty ought and could be reasonably expected to act or communicate the knowledge to the corporation and this must be alleged in the pleadings and proven at the trial."
Knowledge of the owner of the viciousness of an animal is not imputable to anyone else, especially his employer, unless the employer directed the employee to do the specific act of keeping the animal, or unless it was reasonably foreseeable as a result of his authority as the agent. To hold otherwise would be to make every corporation an insurer of the actions of its employees. This has nothing to do with the liability of the owner of the cock for damages since the matter is not at issue here.
Accordingly, the judgment of the lower court is affirmed.
DREW, C.J., and TERRELL and THORNAL, JJ., concur.