287 So.2d 359 (1973)
Ruben B. CHRISTIE, Appellant,
v.
ANCHORAGE YACHT HAVEN, INC., et al., Appellees.
No. 71-857.
District Court of Appeal of Florida, Fourth District.
December 28, 1973.
Rehearing Denied January 23, 1974.
George A. Shahood and A.J. Ryan, Jr., Dania, for appellant.
Frank E. Maloney, Jr., Fleming O'Bryan & Fleming, Fort Lauderdale, for appellees.
OWEN, Chief Judge.
Appellant was thrown from his bicycle while on the private property of another when attacked by a large German sheperd dog. He sought damages from appellees on the basis of (1) alleged ownership of the dog, and (2) alleged ownership of the premises upon which the attack occurred. At trial, the court directed a verdict for the defendants at the close of the plaintiff's case. He appeals from the judgment entered thereon.
Plaintiff had ridden his bicycle from his place of residence to a place of business known as Nutmeg Yacht Haven, adjacent *360 to State Road 84 in Ft. Lauderdale. In returning home, he took a short cut through adjacent property which he alleged (and which the evidence tended to prove) was owned by appellee-Anchorage Yacht Haven, Inc., a corporation. Appellees-Compere Loveless and Marcella M. Loveless were the sole stockholders of this corporation. As soon as appellant rode his bicycle onto the property, a German sheperd police dog lunged at him, causing him to fall from the bicycle and to sustain serious personal injury. The dog was actually the property of one Gene Wallace who, until his death approximately one month prior thereto, had been an employee of Anchorage Yacht Haven, Inc., and had occupied a trailer situated upon the property. His widow, although not an employee, had been permitted to remain temporarily in the trailer until she could get her deceased husband's affairs in order, and find another place for herself. Mr. Loveless, as managing officer of Anchorage Yacht Haven, Inc., was aware that the dog had been on the premises for over a year, and although he described the dog as gentle, an employee testified that the animal was vicious.
Appellant first contends that under F.S. Section 767.01, F.S.A.,[1] whereby the owner of a dog is liable for any damage done to persons, "owner" should be defined or construed broadly so as to include not only the actual owner, but the possessor, keeper or custodian of the animal. This view is not without supporting authority,[2] but we need not meet nor decide that issue in this case. The evidence shows without dispute that none of the appellees owned the dog, nor were any of them the keeper, custodian or possessor of the dog. Thus, there was no basis for imposing liability upon any of the appellees by virtue of F.S. Section 767.01, F.S.A., and the court did not err in directing a verdict in favor of appellees on this count of the complaint.
Appellant also contends that appellees, as owners of the premises, negligently violated the duty they owed appellant as a licensee upon the property. Viewing the evidence in the light most favorable to appellant, we conclude that it was error for the court to direct a verdict in favor of appellee-Anchorage Yacht Haven, Inc. on this count of the complaint. At the close of the plaintiff's case there was evidence from which the jury could draw the necessary inferences to find (1) that Anchorage Yacht Haven, Inc. owned the property, (2) that it was charged with knowledge of the fact that a vicious German shepard police dog was kept on the premises unrestrained, thus presenting a dangerous condition and risk to those persons coming upon the property, (3) that persons regularly and with implied permission of the owner used the path which appellant was using at the time, and (4) that such persons would not be aware of the danger or risk involved. On these set of facts the jury would be justified in concluding that appellant was a licensee and that the appellee-Anchorage Yacht Haven, Inc., as owner, had negligently failed to warn appellant of a dangerous condition or risk of which it had knowledge and of which appellant neither knew nor should have known by the use of reasonable care. We do not suggest that this is the conclusion which the jury would necessarily or even likely reach. We merely say that it is a permissible conclusion, and for that reason it was error for the court to take the case from them on this theory of negligence on the part of appellee-Anchorage Yacht Haven, Inc. However, there was no evidence that appellees-Compere Loveless and Marcella M. Loveless had any direct ownership interest in the property; thus, *361 as to them the directed verdict on this count was proper.
The judgment as to appellees-Compere Loveless and Marcella M. Loveless is affirmed. The judgment as to appellee-Anchorage Yacht Haven, Inc. is reversed, and this cause is remanded for a new trial on Count II of the complaint as against such appellee.
Affirmed in part; reversed in part and remanded.
WALDEN and DOWNEY, JJ., concur.
NOTES
[1] "767.01 Owners responsible.  Owners of dogs shall be liable for any damage done by their dogs to sheep or other domestic animals or livestock, or to persons."
[2] For example, see cases cited and discussed in 4 Am.Jur.2d, Animals, § 98; 17 A.L.R. 2d 459; and 3 U.Fla.L.Rev. 98.