344 So.2d 313 (1977)
Judy O'STEEN, Individually, et al., Appellants,
v.
Alfred G. KEMMERER, Trustee, Appellee.
No. BB-444.
District Court of Appeal of Florida, First District.
April 7, 1977.
*314 Peter L. Niles, Daytona Beach, for appellants.
Frank Marriott, Jr., of Gosney, Cameron & Parsons, Daytona Beach, for appellee.
BOYER, Chief Judge.
Appellants who were plaintiffs in the trial court appeal an order finally dismissing their third amended complaint with prejudice. After twice amending, plaintiffs announced that they did not feel that further amendments would be beneficial and at their request the order of dismissal was made final.
Stripped to its essentials, the dismissed complaint alleges that one Winner, an agent or employee of defendant-appellee Kemmerer, kept wild monkeys on property owned by the defendant and that the defendant knew or should have known that said monkeys were not "properly contained or restrained, thus presenting a dangerous condition and risk to persons in the vicinity of said property" and that the defendant "negligently failed to warn or otherwise protect plaintiffs from [the] dangerous condition or risk of which he had knowledge, and of which plaintiffs neither knew or should have known by the use of reasonable care" and that said monkeys escaped from defendants property and went onto property owned by plaintiffs where they viciously attacked and bit plaintiff Judy O'Steen. There is no allegation that defendant had any interest in the monkeys nor that the monkeys were used by Winner incident to his employee or agency relationship nor that the monkeys had any relationship to defendant's business or any other activity in which the defendant had any interest.
The issue therefore posed is: May liability be imposed upon an owner of real property for damages sustained on the property of another as a result of wild animals negligently maintained on the former's property by an occupant who is either an agent or employee of the property owner in the absence of some interest or relationship between the property owner and the wild animals or other dangerous instrumentality?
The trial judge answered negatively. We affirm.
Appellants rely heavily upon a decision of our sister court of the Fourth District, Christie v. Anchorage Yacht Haven, Inc., 287 So.2d 359 (Fla. DCA 4th 1973). Whether we agree or disagree with that decision we need not now decide because in any event appellants now seek to extend that case one step further. In the Christie case the court held that the owner of real property may be held accountable for damages sustained on the property as a result of a vicious dog kept on the property by another with the knowledge of the property owner. Sub judice the damages allegedly sustained by the plaintiffs were not incurred on the defendant's property but on their own property. The distinction is not without a difference. Whether or not, in a proper case, we would follow Christie, we are not now prepared to go the extra step.
AFFIRMED.
MILLS, J., concurs.
JOPLING, WALLACE, Associate Judge, dissents.
JOPLING, WALLACE, Associate Judge.
I dissent. The liability of the landowner as expressed in Christie v. Anchorage Yacht Haven, Inc., 287 So.2d 359 (Fla. DCA 4th 1973) should not necessarily be restricted to the boundaries of the landlord's property. I would reverse for trial on the merits.