LETTS, Chief Judge.
This cause is affirmed.
An employer is not liable for injury caused to a third party by his employee’s German Shepherd dog if the bringing of that dog to the worksite is not consented to or encouraged by the employer, of no benefit to the employer, not within the scope of the employee’s duties, and the employer has no knowledge of the vicious propensities of the animal. In such circumstances the employer breaches no duty to a third party who lives down the street from the worksite and is attacked. See Whetzel v. Metropolitan Life Insurance Co., 266 So.2d 89 (Fla.4th DCA 1972) and Dickinson v. Graham-Jones Paper Co., 84 So.2d 309 (Fla. 1955).
As to this latter cited case, which concerned a fighting cock, we quote the following language commencing on page 309 of this decision by our supreme court:
There is a wealth of authority on the question of keeping vicious dogs and other ferocious animals, the owner being held liable therefor, but a corporation is only responsible for the acts of its agents or employees while acting within the scope of their authority or while in the furtherance of its business. It is inconceivable to this Court how keeping a “fighting cock” is in the furtherance of the corporation business of a paper concern, nor is there any such allegation in the complaint. Certainly the corporation did not own the cock, nor was it engaged in such a business as promoting “fighting cocks”. Knowledge of such keeping AND knowledge of the viciousness of such animal are both necessary elements to be alleged in order to hold a corporation for the acts of its agents, servants, or employees.
******
Knowledge of the owner of the viciousness of an animal is not imputable to anyone else, especially his employer, unless the employer directed the employee to do the specific act of keeping the animal, or unless it was reasonably foreseeable as a result of his authority as the agent. To hold otherwise would be to make every corporation an insurer of the actions of its employees.
We .find no merit in the other point on appeal.
AFFIRMED.
BERANEK and HURLEY, JJ., concur.