423 So.2d 616 (1982)
James ALLEN and Josephine H. Allen, Appellants,
v.
Randolph S. ENSLOW, Peggy Enslow and State Farm Fire & Casualty Company, Appellees.
No. AM-64.
District Court of Appeal of Florida, First District.
December 21, 1982.
*617 Bruce A. McDonald, of Emmanuel, Sheppard & Condon, Pensacola, for appellants.
Joe J. Harrell, of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellees.
WENTWORTH, Judge.
This is an appeal from a final order of the circuit court, granting appellees' motion to dismiss. We affirm.
Appellants are husband and wife who filed a complaint alleging that the husband was injured by a dog which ran into the street and attacked him as he rode by on his motorcycle. In addition to counts in strict liability against the dog owners (Chapter 767, Florida Statutes), the complaint alleged that the dog owners' landlords negligently permitted the dog to be kept on their property when they "knew or should have known that persons passing on the streets adjacent to said premises may be attacked by said animal." The trial court granted the appellee landlords' motion and dismissed the complaint as to them, finding that because the incident occurred on a public right-of-way and not on appellees' property, liability could not be imposed on them and their insurer.
Appellants urge that we extend the holding in Christie v. Anchorage Yacht Haven, 287 So.2d 359 (Fla. 4th DCA 1973), to this case. In Christie, our sister court held that where there was evidence (1) that the landowner knew that a dangerous dog was kept loose on the premises by an employee's widow, (2) that persons regularly used a path across the property, (3) that such persons would not be aware of the risk involved, and (4) that the owner failed to warn of such dangerous condition or risk, a jury question was raised as to the landowner's liability in negligence to one injured by the dog on the landlord's premises. As appellants recognize, this court has refused to extend Christie to a situation where plaintiff was injured on her own property by wild animals alleged to be negligently maintained on the defendant landowner's adjacent property by his employee, and with the defendant's knowledge or notice, absent any interest in or use of the animals by the defendant landowner. O'Steen v. Kemmerer, 344 So.2d 313 (Fla. 1st DCA 1977). We are not persuaded by appellants' attempt to distinguish O'Steen. That decision, precluding recovery in such circumstances by one injured on her own property, cannot in our opinion be reconciled with the asserted liability of the landlord in this case to one injured on the street by a tenant's dog. Cf., collected cases, Anno. 81 A.L.R.3d 638.
The order is affirmed.
BOOTH and THOMPSON, JJ., concur.