490 So.2d 29 (1986)
Jerry NOBLE, et ux., et al., Petitioners,
v.
Sue A. YORKE, et al., Respondents.
No. 67021.
Supreme Court of Florida.
May 1, 1986.
Rehearing Denied July 17, 1986.
*30 James G. Salerno of Pyszka, Kessler, Massey, Catri, Holton and Doubereley, Fort Lauderdale, for petitioners.
Mark L. Weinstein of Schwartz, Steinhardt, Weiss and Weinstein, North Miami Beach, for respondents.
ADKINS, Justice.
The following question has been certified as being of great public importance:
Is the doctrine of equitable estoppel available to avoid the exemption from liability created by F.S. 767.04?
Yorke v. Noble, 466 So.2d 349, 351 (Fla. 4th DCA 1985). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution, and answer the question in the affirmative.
On the evening of April 11, 1982, Mr. Yorke spoke with Mrs. Noble over the telephone and told her that he and his wife would like to visit her home/business to purchase some "jockey silks." Mrs. Noble told Mr. Yorke that there was a "Beware of Bad Dog" sign on the front door of her home but to ignore it because the dog was secured. Mrs. Noble further instructed that if she did not answer the front door she would be working in another structure behind the main house and that they could get to the rear building by following a path around the house.
When the Yorkes arrived at the Noble's home and received no answer to the doorbell, they proceeded around the house to the rear. As the Yorkes approached the building behind the house, a dog barked and lunged at the gate which the Nobles had left unsecured. This caused the gate to open slightly and as Mrs. Yorke attempted to close the gate, the dog bit her finger.
The Yorkes sued for damages pursuant to section 767.04, Florida Statutes (1981). The trial court granted summary judgment in favor of the Nobles and denied the Yorkes' request for leave to amend to sue Jerry Noble upon a theory of common law liability as a property owner who did not own the offending canine. The trial court's order of summary judgment was based upon that portion of section 767.04 which provides that a property owner who displays an easily readable "Bad Dog" sign in a prominent place on the premises is absolutely immune from liability for any damages resulting from a dog bite.
The Fourth District Court of Appeal reversed, finding that the doctrine of equitable estoppel applies to the facts of this case and is available to avoid the exemption from liability created by section 767.04. The district court also held that the trial court erred in denying plaintiff's request for leave to amend.
In Florida, the dog-bite statute supersedes the common law and provides the exclusive remedy in dog-bite actions brought by an economic invitee against a business establishment which owns the dog. Belcher Yacht, Inc. v. Stickney, 450 So.2d 1111 (Fla. 1984). Section 767.04 imposes absolute liability upon the owner of a dog for any injury caused by the dog regardless of scienter and provides absolute defenses by which a dog owner may escape liability from a dog bite injury inflicted by his dog. Belcher. One of those absolute defenses, and the one at the center of the instant dispute, is that a dog owner may escape liability if an easily readable sign with the words "Bad Dog" is displayed in a prominent place on the premises.
The Nobles argue that the entry of summary judgment in their favor was proper because they fully complied with section 767.04 which relieves a dog owner from liability if an easily readable sign including the words "Bad Dog" is displayed in a prominent place on the premises. The Nobles correctly point out that such a sign was on the premises at the time Mrs. Yorke was bitten. The Yorkes assert that the doctrine of equitable estoppel is a *31 bar to the statutory defense in this case because Mrs. Noble told Mr. Yorke to ignore the sign because the dog was secured. We agree with the Yorkes and hold that the tort immunity of 767.04 does not extend to a dog owner who affirmatively directs a business invitee to ignore the "Bad Dog" sign displayed on the premises.
As noted in the opinion of the Fourth District Court of Appeal, the doctrine of equitable estoppel may be applied "where the representations of one party reasonably lead another to believe in a certain state of affairs and in reliance on such representations the latter changes his position to his detriment." 466 So.2d at 351 (citations omitted). The doctrine applies in this case because the Yorkes were told to ignore and disregard the "Bad Dog" sign displayed on the Noble property, they relied upon that representation and Mrs. Yorke was injured as a result of that misrepresentation. Further, absent specific statutory provision, there is no rule of law which in general exempts statutory rights and defenses from the operation of the doctrine of equitable estoppel. Significantly, the statute neither expressly disallows application of the doctrine nor contains language suggesting such a result.
We hold that the Yorkes are entitled to seek damages from the Nobles despite the fact that the Nobles complied with the literal terms of the statute by placing an easily readable sign containing the words "Bad Dog" on the premises. Our holding fully comports with the intent of the legislature and prior case law interpreting section 767.04.
In Carroll v. Moxley, 241 So.2d 681 (Fla. 1970), we upheld the constitutionality of the dog bite statute. In doing so, we noted that the purpose behind the requirement "that the `Bad Dog' sign be posted in a `prominent place' and be `easily readable' ... is to make certain that before a dog owner will be relieved of liability, the attempt to give notice that a bad dog is on the premises must be genuine, effective and bona fide." Id. at 683. In Belcher, we held that a dog owner was not liable for injuries caused when his dog bit a business invitee because the dog owner had fully complied with the statute. However, our decision in Belcher was premised upon the fact that the dog owner not only had complied with the explicit terms of the statute but had also provided genuine, effective and bona fide notice. This is apparent by our recognition that situations may arise under the statute where a jury may have to decide if the "Bad Dog" sign was displayed prominently on the premises or easily readable or if in fact the sign existed at all. Id. at 1113. In such cases, the jury would essentially determine whether the sign provided genuine, effective and bona fide notice.
Both the legislature and the courts insist that a dog owner will only be relieved from liability in a dog-bite case if the victim provokes the dog or if the dog owner posts a sign that is in strict compliance with the terms of the statute and the sign provides effective, genuine and bona fide notice. Although the sign posted by the Nobles was in strict compliance with the terms of the statute, the Nobles are not free from liability because, as a matter of law, a dog owner who tells a victim to ignore the "Bad Dog" sign and pretend it does not exist has not provided the genuine, effective and bona fide notice required by the statute. We will not allow a party who disavows the tenor of the "Bad Dog" sign to take advantage of its wording.
The Nobles contend that the Fourth District Court of Appeal erred in overturning the trial court's order denying the Yorkes' request for leave to amend their complaint. The amendment sought to sue Mr. Noble in his capacity as non-owner of the dog for the negligent maintenance of the gate confining the dog. In denying the Yorkes' request for leave to amend, the trial judge referred to Belcher and stated that "I think the Supreme Court has presently said you can't travel under common law." However, in Belcher, we noted that the strict liability of section 767.04 is limited to dog owners and a dog-bite victim may sue the non-owner of the dog upon a theory *32 of common law liability. Id. at 1112; see also Flick v. Malino, 356 So.2d 904 (Fla. 1st DCA 1978).
Leave to amend shall be freely given. Associated Television and Communications Inc. v. Dutch Village Mobile Homes, Ltd., 347 So.2d 746 (Fla. 4th DCA 1977). The fact that the trial court denied plaintiffs' request for leave to amend for the wrong reason leads us to conclude that the trial court erred in denying plaintiffs' request. However, in light of the conflicting evidence presented to us upon appeal, we express no opinion as to whether Mr. Noble owned the dog in question.
Accordingly, we approve the decision of the district court.
It is so ordered.
BOYD, C.J., and EHRLICH, SHAW and BARKETT, JJ., concur.
OVERTON and McDONALD, JJ., concur in result only.