504 So.2d 528 (1987)
Catherine M. WARD, Appellant,
v.
Maureen YOUNG, Individually, Terry Alan Swindle, Individually, Jose Miret, Individually, Luisa Miret, Individually, and Christina Miret, Individually, Appellees.
No. 86-1443.
District Court of Appeal of Florida, Second District.
March 27, 1987.
Bruce A. Walkley, of Walkley, Stuart & Macy, P.A., and James W. Clark, Tampa, for appellant.
Kenneth L. Olsen, of Miller and Olsen, Tampa, for appellees Mirets.
FRANK, Judge.
The appellant, Ward, was bitten by a dog owned by Young and Swindle, occupants of property Young leased from the Mirets. The trial court terminated Ward's action against the Mirets by granting a motion for summary judgment. Ward appealed and we reverse.
During Young's tenancy, she experienced a burglary resulting in the loss of personal property. Because of anxiety stemming from the break-in, Young wanted a dog and her boyfriend, Swindle, gave her a pit bull. It appears that the Mirets' cousin, Marra, who collected the rents, knew of the dog's presence on the property, but it is disputed that he approved having it there. In any event, Ward was attacked and severely injured by the dog when passing in proximity to the point where the dog's reach was limited by a chain restraining it. Signs were posted on the property warning of the dog's presence.
Our supreme court's recent decision in Noble v. Yorke, 490 So.2d 29 (Fla. 1986), lays to rest any uncertainty that may have existed entitling a dog-bite victim to sue the non-owner of a dog  the victim may pursue the non-owner upon a common law liability claim. Id. at 31. The insulation from dog bite liability provided a dog owner through compliance with section 767.04, Florida Statutes (1986), does not extinguish the possibility of pursuing the non-owner who can be linked to the dog. We find that granting summary judgment in favor of *529 the Mirets was mistaken; several questions of fact remain for resolution upon a trial.
The record discloses that Marra knew of the dog's presence on the property and the purpose for which it was procured  to guard Young from intruders and to protect her against a repeat burglary. In this setting, two questions emerge, i.e., did Marra occupy the status of an agent acting on behalf of the Mirets, and, if so, is his knowledge of the dog's presence at the premises and its propensities imputable to the Mirets. Another question, wholly unanswered in the record, is whether the biting occurred on or beyond the Mirets property. See Anderson v. Walthal, 468 So.2d 291 (Fla. 1st DCA 1985). If, of course, the unfortunate attack took place somewhere other than on the Mirets' property, they cannot be held responsible for Wards' injuries. Id. at pp. 294-295. On the other hand, if the event happened on the Mirets' property, there is the question of Ward's status which can only be answered by determining why she was there and for what purpose. In short, the questions of fact we distill from the scant record before us require that we vacate the summary judgment and remand this matter for the trial of all issues.
SCHOONOVER, A.C.J., and BOARDMAN, EDWARD F. (Ret.), J., concur.