GLICKSTEIN, Judge.
This is an appeal, by a minor plaintiff, from a final judgment following the entry of a post-verdict order, granting the defendants’ motion for directed verdict. We reverse and remand with direction to reinstate the jury verdict and to enter final judgment, nunc pro tunc, from the date of said verdict.
The plaintiff was injured by a pit bull owned by the defendants’ daughter and kept by her in one of two apartments in a duplex owned by the defendants. There was evidence that the defendants had actual knowledge of the dog’s dangerous propensities and that the defendants had assumed the responsibility for making the premises safe for the minor plaintiff and his family who rented the other apartment in the duplex from the defendants.
We hold that it was for the jury to decide if the defendants had acted reasonably to protect their tenants and the child; and that it was error for the trial court to take the matter out of the jury’s hands. See Christie v. Anchorage Yacht Haven, Inc., 287 So.2d 359 (Fla. 4th DCA 1973). Further, we specifically disagree with the basis for the order directing a verdict, which was that the injury occurred in the child’s apartment, as opposed to the common areas of the landlord defendants’ property; and we reject the trial court’s reliance upon Allen v. Enslow, 423 So.2d 616 (Fla. 1st DCA 1982).
*380 The jury could conclude here that the landlord defendants failed to take reasonable measures — following the pit bull’s attacks and attempted attacks on other dogs and people — to prevent the pit bull from gaining entry into the child’s apartment. The record shows the defendants failed to provide a protective fence, separating that portion of the back yard upon which the child’s back door opened from that portion of the back yard in which the dog was allowed to roam.' It further shows that a week before the incident, the pit bull bit the child’s stepfather, and that one of the defendants, Mr. Shackelford, told the child’s stepfather that he would get rid of the dog within a week. The jury could have found the defendant should have done so, but did not.
In short, the incident involving the plaintiff here may have properly seemed inevitable to the jury, given the pit bull’s propensities and the existence of dogs in the child’s apartment. The injury occurred when another child opened the back door of the child’s apartment while the pit bull was in the common back yard, the pit bull then running into the apartment and attacking the dogs there. The child was injured while trying to stop the melee.
A landlord who recognizes and assumes the duty to protect co-tenants from dangerous propensities of a tenant’s pet is required to undertake reasonable precautions to protect co-tenants from reasonably foreseeable injury occasioned thereby. Cf. Lambert v. Doe, 453 So.2d 844 (Fla. 1st DCA 1984) (landlord who recognizes and assumes duty to protect tenants from foreseeable criminal conduct must take reasonable steps to prevent injury from such conduct). The common law liability of persons other than dog owners for injuries caused by dogs has been settled by Noble v. Yorke, 490 So.2d 29 (Fla.1986).
WALDEN and STONE, JJ., concur.