STONE, Judge.
The plaintiff child was attacked by a pit bulldog while being cared for in a residence occupied by the Trevino family, owners of the dog. The defendant Lopez owned the premises.
The Trevino family, whose daughter was married to the landlord’s son, had occupied the premises for seven years under an oral week-to-week tenancy at will. They had owned the dog for two years. Throughout that period the Trevinos had posted and prominently displayed six “bad dog” signs, including one on the entrance gate. The landlord’s sister collected rent twice a month, and usually did so in person. The landlord personally visited the premises at least twice a year.
At trial, the court reserved ruling on the landlord’s motion for directed verdict, and the jury found the landlord to be 20% negligent. The judge then granted the motion for directed verdict, finding that the landlord had no direct knowledge that a vicious dog was kept on the premises, and that the premises were under the tenant’s control.
Appellant asserts that, based upon the evidence, a jury could infer actual knowledge on the part of the landlord. See Ward v. Young, 504 So.2d 528 (Fla. 2d DCA 1987); Anderson v. Walthal, 468 So.2d 291 (Fla. 1st DCA 1985). Appellant further asserts that because the tenants could be lawfully evicted at will, the landlord had sufficient control over the premises to be liable for the dangerous condition created by the dog. See Uccello v. Laudenslayer, 44 Cal.App.3d 504,118 Cal.Rptr. 741 (5th Dist.1975); Strunk v. Zoltanski, 96 A.D.2d 1074, 466 N.Y.S.2d 716 (N.Y. App.1983).
Appellee does not dispute that direct evidence of the landlord’s knowledge of the dangerous dog, coupled with evidence of the landlord’s ability to control the premises, created an issue for the jury. However, appellee argues that liability may be predi *1242 cated only upon actual knowledge of the dog’s presence. It is not disputed that the tenants in this case could be lawfully removed at will. Appellee argues that his ability to control the premises is irrelevant since he did not have actual knowledge of the dog.
The Florida Supreme Court recently recognized that a non-owner of a dog may be liable for a dog bite injury. Noble v. Yorke, 490 So.2d 29 (Fla.1986). Other Florida decisions have determined that the owner of premises may be liable for injuries resulting from an attack by a bad dog owned by a tenant if the landlord knows of the presence of the animal and its vicious propensity, and has the ability to control its presence. See Ward, 504 So.2d at 528; Robinson v. Espinosa, 502 So.2d 527 (Fla. 3d DCA 1987); Anderson, 468 So.2d at 291; Christie v. Anchorage Yacht Haven, Inc., 287 So.2d 359 (Fla. 4th DCA 1973).
In Christie, this court held that it was error to direct a verdict for a property owner where there was evidence from which a jury could infer that the landowner had knowledge that a vicious dog was kept on the premises by a tenant at will. However, the premises were apparently under the direct contrcjl of the landowner. The tenant lived in a trailer on the land, and the defendant’s manager knew that the unrestrained dog was on the premises, posing a threat to users of a pathway. This court thus concluded that the landlord had a duty to warn. In the instant case, duty to warn is not an issue, as the warning signs had been posted.
In Anderson v. Walthal, a business invitee of the defendant owner of an industrial park was attacked by a tenant's dog. The court, reversing a summary judgment in favor of the landlord, held that the manager of the park had knowledge of the dog’s viciousness and presence, and that this knowledge was imputed to the landlord.
In Ward v. Young, a summary judgment against a landlord was reversed where plaintiff was bitten by the tenant’s dog. There the landlord’s cousin, who collected the rent, knew of the dog’s presence on the property and that bad dog signs had been posted.
The California court, in Uccello v. Laudenslayer, recognized that a landlord owed a duty of care to a neighbor child, who was an invitee of the tenant, to prevent injury from attack by a vicious dog if the landlord had actual knowledge of the dog’s presence, and the right to remove the animal by taking control of the premises and terminating the tenancy. In Uccello, bad dog signs had been posted, but there was also evidence that the landlord had actually observed the dog on several occasions. The court held that an involuntary dismissal was error, and that the jury could infer from the facts as proffered that the landlord knew the dog was vicious. The court did recognize that the required knowledge can be shown by circumstantial evidence, but added that such knowledge must be actual. Uccello requires a showing that the landlord knew, not that he should have known, about the dog.[1]
The only issue before this court is the sufficiency of the evidence of “knowledge”. Appellee does not dispute that the right to terminate a tenancy at will can constitute “control” of the premises.
Circumstantial evidence, based on inferences from established facts, may be the basis for concluding that a landlord knows of a dangerous condition and has failed to remedy it. Christie v. Anchorage Yacht Haven, Inc., 287 So.2d at 359; Mario Investments, Inc. v. Verne, 227 So.2d 58 (Fla. 4th DCA 1969). See also Florida *1243 East Coast Railway Company v. Shulman, 481 So.2d 965 (Fla. 3d DCA 1986); Uccello; Palermo v. Nails, 334 Pa.Super. 544, 483 A.2d 871 (1984). The evidence here must be considered in the light most favorable to appellant. Cf. Plotch v. Gregory, 463 So.2d 432 (Fla. 4th DCA 1985); McDonald v. McGowan, 402 So.2d 1197 (Fla. 5th DCA 1981).
We conclude that there was sufficient evidence from which a jury could determine that the landlord had knowledge of a vicious dog’s presence and that the landlord had the ability to control the premises. We therefore reverse and remand with instructions to enter judgment in accordance with the jury’s verdict.
GLICKSTEIN, J., concurs.
LETTS, J., dissents without opinion.

. Appellee asserts that the defense objected to jury instructions providing that the standard of knowledge was whether the landlord “knew or should have known" of the dog. That instruction is not assigned as error, and there is no cross appeal. Our review of the record reflects that the defense requested Florida Standard Jury Instruction 3.5(f) in its entirety, which provides that liability may be based on the landlord’s knowledge or if the landlord "should have known”. There was sufficient proof to support the allegation of actual or imputed knowledge. Thus, it is not necessary for us to determine whether this instruction was in error. Uccello, 44 Cal.App.3d 504, 118 Cal.Rptr. 741. Cf. Christie, 287 So.2d at 359; Mario Investments, 227 So.2d at 58.