648 So.2d 314 (1995)
Ny TRAN, Appellant,
v.
John BANCROFT, Appellee.
No. 93-3116.
District Court of Appeal of Florida, Fourth District.
January 11, 1995.
Roy D. Wasson, Miami, for appellant.
Carol J. Stephenson, West Palm Beach, for appellee.
STEVENSON, Judge.
The issue for review in this appeal is whether a landlord may be liable for an *315 attack by a tenant's dog that occurs away from the leased premises on property not owned by the landlord. Because a landlord has no duty to prevent injuries to third parties caused by a tenant's dog away from leased premises, we affirm the judgment below.
The case went before the trial court on appellee's (defendant below) motion to dismiss the amended complaint. Therefore, for purposes of the motion and this appeal, all of appellant's (plaintiff below) factual allegations are accepted as true. Appellant lived next door to a house owned by appellee. Appellee did not reside at this house, but instead rented it to a tenant who owned a dog. One day the dog jumped over a fence and attacked appellant on property not owned by appellee. The trial court concluded that appellee knew that (1) the tenant owned a vicious dog; (2) the dog posed a risk of escaping from the property; and, (3) appellee could control the dog's presence.
The existence of a duty in a negligence action is a question to be decided as a matter of law. McCain v. Florida Power Corp., 593 So.2d 500 (Fla. 1992). Although the so-called "dog bite" statute, section 767.04, Florida Statutes (1993) controls actions against a dog's owner, actions against a non-owner must be brought upon a theory of common law liability. See Noble v. Yorke, 490 So.2d 29 (Fla. 1986). Appellant cites no common law authority for his position that a landlord may be liable for injuries caused by a tenant's dog outside the property owned by the landlord. At common law, only those who owned the dog, had an interest in the dog, or harbored the dog could be liable for injuries caused by the animal. 4 AM.JUR.2d Animals § 98 (1962). A person was said to have harbored a dog if he or she undertook to care for the dog as the owners of such animals are generally accustomed to do. Id. "While owners are responsible for the mischief done by their dogs, no man can at common law, be held liable for the mischief done by another's dog unless he had some agency in causing the dog to do it." 4 AM.JUR.2d Animals § 92 (1962).
In tort cases involving liability for the actions of dogs, no Florida court has held that a landowner has a duty to prevent injuries that might occur when a tenant's animal escapes the leased premises and causes injury away from the property. In a case directly on point, Allen v. Enslow, 423 So.2d 616 (Fla. 1st DCA 1982), the tenant's dog ran into a public street and attacked a motorcyclist. The court held that the landlord was not responsible for the attack by the tenant's dog that occurred (1) outside the leased premises and (2) on property not owned by the landlord. Id. Accord, Ward v. Young, 504 So.2d 528, 529 (Fla. 2d DCA 1987) (landowner "cannot be held responsible" for injuries caused by a tenant's dog that occur somewhere other than the landowners property); see also, O'Steen v. Kemmerer, 344 So.2d 313 (Fla. 1st DCA 1977) (absent some special interest or relationship between the landowner and an animal kept on the premises by an occupant, the landowner will not be liable for injuries that the animal causes away from the property).
Appellant urges this court to adopt a foreseeable zone of risk rule and hold that a landlord's knowledge of, and ability to control or prohibit an animal's presence at the commencement of the tenancy, creates a duty of care to third parties outside the property. In support of his position, appellant cites several cases where the courts have held property owners liable for dangerous conditions that result in injury off the premises. See Johnson v. Howard Mark Prods., Inc., 608 So.2d 937 (Fla. 2d DCA 1992) (landowner may be liable for injuries occurring off the premises where a teenager was hit by a car when he attempted to cross the highway to patronize the landowner's teenage nightclub); Holiday Inns, Inc. v. Shelburne, 576 So.2d 322 (Fla. 4th DCA), (owner of lounge may be liable for injuries to patrons in an adjacent parking lot), rev. dismissed, 589 So.2d 291 (Fla. 1991); McCain v. Florida Power Corp., 593 So.2d 500 at 503 (electrical utility company may be liable for injuries which occur off the premises  "power companies ... must shoulder a greater than usual duty of care in proportion to the greater than usual zone of risk associated with the business enterprise they have undertaken.").
*316 We find that Johnson and Shelburne are readily distinguishable from the instant case. Both of those cases involved businesses where the landowner already owed a duty of care to its invitees. The courts in those two cases merely allowed the business invitee to show that it was reasonably foreseeable that the landowner's duty should commence before the time that the invitee actually comes onto the premises. In other words, the landowner's general legal duty to the plaintiffs was already present. The instant case is different, however, because it involves neither a business nor an invitee attempting to get to or from the actual premises of the landowner. McCain is inapposite because it concerns an ultra-hazardous activity which was carried on by the owner itself.
The foreseeable zone of risk analysis, useful in many property owner liability cases, is simply not the prevailing rule of law in Florida in dog liability cases regarding non-owners of the dog, nor was it the prevailing rule at common law. Appellant overlooks the fact that, historically, tort liability for injuries caused by dogs has evolved with its very own unique set of statutory and common law rules. See 2 FLA.JUR.2d Animals § 35 (1977); Wade R. Habeeb, LL.B., Annotation, Landlord's Liability to Third Person for Injury Resulting from Attack by Dangerous or Vicious Animal Kept by Tenant, 81 A.L.R.3d 638 (1977). As previously mentioned, appellants cite no cases at common law in which a landlord, non-owner of a dog has been held liable to a plaintiff for injuries incurred outside the premises where the dog was maintained and kept by a tenant. Therefore, like the first district in Allen, and the second district in Ward, we decline to further extend the common law liability of a non-owner of a dog in the context of the facts of this case.
Affirmed.
FARMER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.