717 So.2d 97 (1998)
Thomas MAHER, Barbara Maher and Debra Maher, Appellants,
v.
BEST WESTERN INN, Route 50, etc., et al., Appellee.
No. 97-2540.
District Court of Appeal of Florida, Fifth District.
August 14, 1998.
*98 Theodore W. Herzog, of Theodore W. Herzog, P.A., Key West, for Appellants.
Michael C. Tyson, of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for Appellees.
ORFINGER, M., Senior Judge.
Appellants, plaintiffs below, appeal from a summary final judgment entered in favor of appellee in this negligence action. The party moving for summary judgment has the burden to prove conclusively the non-existence of any genuine issue of material fact. On appellate review, we must view the evidence in the light most favorable to the appellants as the non-moving parties and must draw all competing inferences in appellants' favor. Venezia v. Egan, 671 So.2d 175 (Fla. 5th DCA 1996).
Appellants were registered guests at the appellee Best Western Inn in Titusville, Florida. Appellant Debra Maher (Debra) is legally blind and was accompanied by her parents, Thomas and Barbara Maher, and her seeing eye dog, "Ina". When the Mahers checked in, they informed the desk clerk that they were accompanied by Debra's dog. The inn advertised in its brochure that pets were welcome. Mickie Simmer was also registered at the hotel as a guest when the Mahers checked in. Simmer was accompanied by two dogs, a mixed-breed shepherd and a mixed-breed pit bull, and had been at the motel with her two dogs for approximately two months.
Shortly after they checked in, Barbara Maher took her daughter's dog for a walk in a designated area on or near the motel grounds. At the same time, Simmer approached the walking area with her two dogs, neither of which was leashed. Simmer's pit bull attacked Ina, who lay passive on the ground during the attack in accordance with her training. Barbara Maher attempted to separate the dogs but was unsuccessful and was bitten by the pit bull for her efforts. Debra heard the attack, opened the motel room door, and, upon realizing what was happening, called to her father. Thomas Maher then rushed from the motel room to help his wife and was also bitten by Simmer's dog. Maher was able to drag his wife and Ina to safety after an unknown patron from an adjacent room threw water on the dogs. The Mahers assert that in the process Debra was slammed against the door jamb of the room and was injured. Animal control and 911 were summoned. The Mahers were taken to the hospital, where they were treated, while Ina was treated by a local veterinarian.
Appellants filed the instant action against Simmer and Best Western.[1] The complaint, as amended, contains a negligence claim by each of the Mahers against Best Western. All of the counts are based on allegations that Best Western was negligent in that it had a duty to protect guests who were renting rooms; that Simmer's dogs had a propensity or tendency for violence; that the dogs posed a danger to others; and that Best Western knew or should have known of the danger presented by the dogs and the likelihood of injury. Mr. and Mrs. Maher sought damages for injuries sustained in the attack, while Debra sought damages for her own physical injuries (caused when she was allegedly slammed against the door frame), the veterinary bills incurred in treating Ina, and the diminution in value of Ina, based on allegations that the attack had destroyed Ina's utility as a seeing eye dog (apparently due to her fear of other dogs).
Best Western later moved for summary judgment on the issue of liability, asserting that there was no evidence that it had any notice of any vicious propensities of Simmer's dogs, and that Simmer had allowed her dogs to roam unleashed "in violation of the Titusville leash law."[2] The trial court granted the summary judgment on the ground that no evidence existed to demonstrate Best Western's *99 knowledge of the vicious propensities of Simmer's dogs. We reverse.
A dog bite victim can sue a non-owner of the dog under common law principles. Noble v. Yorke, 490 So.2d 29 (Fla. 1986). See also Giaculli v. Bright, 584 So.2d 187 (Fla. 5th DCA 1991). Under the common law, an innkeeper owes the duty of reasonable care for the safety of its guests. Orlando Executive Park v. Robbins, 433 So.2d 491, 493 (Fla.1983). The duty includes the duty to guard against foreseeable dangers. See, e.g., Stevens v. Jefferson, 436 So.2d 33 (Fla.1983). The tortfeasor's liability does not depend upon whether his negligent acts were the direct cause of the plaintiff's injuries, as long as the injuries incurred were reasonably foreseeable consequences of the tortfeasor's conduct. Stevens, 436 So.2d at 35. It is peculiarly a jury function to determine what precautions are reasonably required in the exercise of a particular duty of due care. Orlando Executive Park, 433 So.2d at 493.
It is undisputed that Best Western solicited guests with pets, including dogs. It should not require evidence to conclude that dogs unaccustomed to each other, if unrestrained, could attack other dogs. By inviting dogs on its premises Best Western thus created a foreseeable zone of risk, "... which placed upon it a duty to either lessen the risk or see that sufficient precautions are taken to protect others from the harm the risk poses." McCain v. Florida Power Corp., 593 So.2d 500, 503 (Fla.1992). This record reveals no action whatever taken by Best Western to lessen the risk or to take precautions to protect its guests from that risk. Best Western established no rules which would require its guests to control their animals. It made no inquiry of its guests as to the propensity of the animals. It had no requirement that animals walked on the premises be leashed nor did it post notices in the rooms advising guests of the danger that animals might be running around loose on the premises. In sum, there is evidence from which the jury could conclude that Best Western created the risk and was negligent for taking no precautions to protect its guests from the risk. Thus, issues exist for a jury's determination.
The summary final judgment is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
COBB and W. SHARP, JJ., concur.
NOTES
[1] Simmer was dismissed from the action because of the failure to timely serve her with the complaint, and the dismissal was affirmed on appeal. Maher v. Best Western Inn, etc., 667 So.2d 1024 (Fla. 5th DCA), rev. dismissed, 676 So.2d 1368 (Fla.1996).
[2] The parties now agree that there is no record evidence that the City of Titusville had a leash law in effect on the date of this incident.