914 So.2d 1108 (2005)
Patrick M. ROBERTS, Appellant,
v.
219 SOUTH ATLANTIC BOULEVARD, INC., a Florida corporation, d/b/a Atlantis, and Alan M. Rohloff, Appellees.
No. 4D04-2389.
District Court of Appeal of Florida, Fourth District.
November 30, 2005.
*1109 Keith A. Schafer of Law Offices of Chikovsky, Ben & Schafer, P.A., Hollywood, for appellant.
Steven H. Osber of Rothstein, Rosenfeldt, Adler, Fort Lauderdale, for appellees.
GROSS, J.
Patrick M. Roberts appeals the entry of a summary judgment entered in favor of 219 South Atlantic Boulevard, Inc. d/b/a Atlantis, a restaurant/nightclub. We affirm.
Roberts sued Atlantis for negligence arising out of a dog bite. The dog's owner, Alan Rohloff, was an independent contractor who did maintenance work for Atlantis. As Roberts walked by Rohloff's pick-up truck, the dog stuck her head out of the truck window and bit Roberts on the shoulder. At the time of the incident, Rohloff had worked at Atlantis for two years and typically spent over 40 hours a week there; thus, for the purpose of our analysis here, he is indistinguishable from an employee. Rohloff's truck was leased by Atlantis and furnished to him as a job benefit. Atlantis management knew about the dog, a thirteen-year-old chocolate Labrador retriever named Gretchen, and never told Rohloff that he could not bring her when he worked on the premises. While at work, Rohloff often left Gretchen in the truck with the windows rolled down.
We have held that an employer is not liable for injury caused to a third party by his employee's dog if the bringing of the dog to the work site: 1) "is not consented to or encouraged by the employer," 2) is "of no benefit to the employer," 3) is "not within the scope of the employee's duties," and 4) "the employer has no knowledge of the vicious propensities of the animal." Poling v. Peter R. Rylance, Inc., 388 So.2d 353 (Fla. 4th DCA 1980); see Dickson v. Graham-Jones Paper Co., 84 So.2d 309 (Fla.1955).
In the light most favorable to Roberts, the non-moving party in the summary judgment, the evidence shows that while Atlantis had knowledge of Gretchen's presence on the premises, the remaining inquiries identified in Poling must be answered in Atlantis's favor.
First, bringing Gretchen to the Atlantis premises was not within the scope of Rohloff's employment. Rohloff was a maintenance man. His duties ranged from building bars and painting, to demolition. Gretchen's presence on the property had nothing to do with Rohloff's duties as a contractor for Atlantis. Second, Atlantis received no benefit from Gretchen's presence on the premises. Third, even assuming that Gretchen had vicious propensities, Atlantis did not have knowledge of them.
Roberts contends that Maher v. Best Western Inn, 717 So.2d 97 (Fla. 5th DCA 1998), should control this case. In Maher, the fifth district held that an innkeeper *1110 which solicited guests with pets created a foreseeable zone of risk; the court noted "that dogs unaccustomed to each other, if unrestrained, could attack other dogs." Id. at 99. This zone of risk imposed a duty on the innkeeper to protect its guests. Id.
Maher does not determine the result in this case. Atlantis is a restaurant/nightclub and not an innkeeper which invited dogs onto its premises. Atlantis did not solicit or cater to patrons with dogs.
Affirmed.
STONE and HAZOURI, JJ., concur.