WARNER, J.
In this dog bite case, the appellant asks us to limit the application of Tran v. Bancroft, 648 So.2d 314 (Fla. 4th DCA 1995), in which we held that a landlord has no duty to third parties for injuries caused by a tenant’s dog where those injuries occur off the leased premises. The trial court relied on Tran in granting summary judgment to the landlord. The child injured in this case resides with her mother, a tenant of the landlord, and was bitten by the dog of another tenant in a park adjacent to the apartment complex where she lived. The park was advertised by the apartment complex as an amenity. Because the landlord owed a duty to its tenant, the boundary of the premises is not dispositive of the landlord’s liability, and the rule of Tran does not apply to these facts. We reverse.
*37 Appellant, Jemma Ramirez, and three of her children, including her daughter Carli-na, were tenants at an apartment complex owned by M.L. Management and known as Lake Villas. The complex bordered a park owned by the Town of Pembroke Park, which contained a jogging trail and other amenities. Lake Villas advertised the availability of the park in its brochures. It wrote:
You’ll enjoy:
• Lush Tropical Landscaping
• Custom Design Pool and Sun Deck Area
• Fully Equipped Exercise Room
• Elegant Clubhouse
• Waterfront Views
• Laundry Facilities
•Adjacent Park with jogging trail, vita course, fishing pier, and shuffleboard
• Driving Range
(emphasis added). The same information appeared on the Lake Villas website.
The tenants understood that there was a close relationship between the apartment complex and the park. Ramirez said that when she came to look at the apartments she was shown the park and was told it was “part of the total package.” Another tenant testified that she did not know whether the town or the apartment complex owned the park.
Lake Villas allows pets, but the lease agreement included rules which specifically prohibited certain breeds of dogs, including pit bulls. Residents could be evicted for violations of the rules. Despite this prohibition, another tenant, Keith Poole, owned two pit bulls which occasionally were loose in the complex. They had menaced some of the other tenants, and one tenant testified that she had reported them to the management. Poole had not been asked to leave for violation of the rules.
' On the date of the injury, the children’s grandmother took the children to play in the adjacent park. While they were there, two pit bulls entered the park and approached the family. The dogs barked at the younger children. Carlina recognized the dogs as the ones from the apartment complex and knew the name of one of them. She called to the dog to stop barking. Carlina then skated off on her roller-blades. A few minutes later, her grandmother heard her screaming and found the dogs attacking her. Carlina suffered severe injuries and required plastic surgery to repair her wounds.
Ramirez filed suit against M.L. Management for damages, alleging that it had violated its duty to its tenant by permitting the known danger of the dogs on its premises. As a result of that breach, Car-lina was injured. M.L. Management moved for summary judgment based upon Tran. The trial court granted summary judgment, concluding that because the incident occurred in the park off the leased premises, the landlord could not be liable for the injury.
In Tran, a landlord leased a single family home to a tenant who owned a dog known to the landlord to be vicious and over which the landlord could have exercised control. The dog jumped over the fence and bit a child in the neighboring yard. In refusing to find that the landlord owed a duty to the child, our court rejected the application of the foreseeable zone of risk analysis of McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992). We explained that tort liability for dog bites had developed its own set of common law rules, citing to 2 Fla.Jur.2d Animals § 35 (1977); Wade R. Habeeb, LL.B., Annotation, Landlord’s Liability to Third Person for Injury Resulting from Attack by Dan *38 gerous or Vicious Animal Kept by Tenant, 81 A.L.R.3d 638 (1977). Noting that no cases in Florida had ever held a landlord liable to third persons outside the leased premises for injuries caused by a tenant’s dog, we declined to extend liability under the facts of Tran.
Tran distinguished Holiday Inns, Inc. v. Shelburne, 576 So.2d 322 (Fla. 4th DCA 1991), disapproved of on other grounds by Angrand v. Key, 657 So.2d 1146 (Fla.1995), in which this court held that a landowner could be liable to a business invitee for injuries occurring off the premises where the business invitor knows that his invitees are using adjacent lands for purposes connected with the business invitation. In Holiday Inns, bar patrons were instructed by security guards of the owner to park in an adjacent lot not owned by the bar but used by the bar patrons with the knowledge of the bar owner. A fight which began in the bar spilled over to the adjacent parking lot, resulting in one patron being killed and the other severely injured. We held that a business owner’s duty to its invitees could extend beyond its own premises, where the invitor itself extended its business activities, patron parking, beyond its premises. It was a jury question as to whether the bar owner had extended its operations by directing patrons to park in the adjacent lot.
We analogized the bar owner’s liability in Holiday Inns to the landlord in Holley v. Mt. Zion Terrace Apartments, Inc., 382 So.2d 98 (Fla. 3d DCA 1980), where a landlord was held to owe a duty to a tenant for a criminal assault, despite the fact that the assault occurred in the tenant’s apartment and not the common areas. Commenting on Holley, we said, “Since the basis for the plaintiffs case was the almost undisputed fact that the intruder could have entered the apartment only through the common walkway adjacent to the victim’s window, ... it was for the jury to determine whether the defendant’s alleged breach of duty as to the areas outside the apartment was a legal cause of what happened inside.” 576 So.2d at 330. (Emphasis omitted). Thus, where a special relationship exists, such as that of a business and its invitee or a landlord and tenant, the duty will be measured in terms of that special relationship and not based on the mere physical location of the injury.
Both in Tran and Allen v. Enslow, 423 So.2d 616 (Fla. 1st DCA 1982), another dog bite case on which Tran relied, the victim was a third party passer-by. Thus, no special relationship existed between the victim and the owner of the property. Here, however, Carlina was the child of a tenant of the complex. As in Holiday Inns, in this case there was evidence from which a jury could conclude that the landlord “extended its operation” to the park, by advertising it as an amenity next to the complex and inviting its tenants to take advantage of it as part of the amenities.
The scope of the invitation also determined the duty of an owner in Anderson v. Walthal, 468 So.2d 291 (Fla. 1st DCA 1985). There, a woman coming to a home for a business purpose went around to the back of the home where a dog bit her. The landlord claimed that the woman had exceeded her “invitation” by wandering into an area behind the home where the dog was located. The court held that a jury question existed as to whether the woman had exceeded the scope of her business invitation.
Just as in Holiday Inns and Anderson, there was evidence in this case from which the jury could conclude that the landlord had “extended its operations” to the park with respect to its tenants. Therefore, the landlord’s duty to the tenants could extend beyond the boundaries of the apartment complex.
*39 We have held that a landlord has a duty to protect its tenants in connection with a vicious dog of which the landlord has knowledge. In White v. Whitworth, 509 So.2d 378, 380 (Fla. 4th DCA 1987), we said:
A landlord who recognizes and assumes the duty to protect co-tenants from dangerous propensities of a tenant’s pet is required to undertake reasonable precautions to protect co-tenants from reasonably foreseeable injury occasioned thereby. Cf. Lambert v. Doe, 453 So.2d 844 (Fla. 1st DCA 1984) (landlord who recognizes and assumes duty to protect tenants from foreseeable criminal conduct must take reasonable steps to prevent injury from such conduct). The common law liability of persons other than dog owners for injuries caused by dogs has been settled by Noble v. Yorke, 490 So.2d 29 (Fla.1986).
Here the landlord prohibited pit bulls from the apartment complex through its rules. The landlord thus recognized the danger of allowing tenants to keep pit bulls as pets and assumed the duty to protect co-tenants from this particular type of pet. That the dangerous dog attacked the tenant just outside the boundary of the apartment complex does not end the landlord’s duty to protect the tenant from the dog where, as here, the plaintiffs alleged that the attack occurred on property which the landlord used to promote its own business interests. If the jury finds that the landlord extended its business interest to the adjacent property, then the landlord should have the same duty to protect its tenants on that property as if the dog had attacked the child within the apartment complex itself.
Tran, which involved an unrelated third party bitten by a tenant’s dog, does not control the issue of the duty of the landlord to its tenant under the circumstances of this case. We reverse for a trial on the merits.
GUNTHER and POLEN, JJ., concur.