977 So.2d 688 (2008)
Deborah MARTIN, Appellant,
v.
GULFSTREAM METAL PLATING, INC., an administratively dissolved Florida corporation, and Dixie Metal Products, Inc., a Florida corporation, Appellees.
No. 4D07-1916.
District Court of Appeal of Florida, Fourth District.
March 12, 2008.
Bruce Botsford of Botsford & White, LLC, Hollywood, and M. Benjamin Murphey of Lawlor, Winston & Justice, PA, Fort Lauderdale, for appellant.
Richard A. Sherman, Sr. of Richard A. Sherman, PA, Fort Lauderdale, and George L. Fernandez of Wolpe, Leibowitz, Alvarez & Fernandez, L.L.P, Miami, for Appellee-Gulfstream Metal Plating, Inc.
STONE, J.
Martin appeals a final summary judgment in favor of the defendant, Gulfstream. The suit is for personal injury that occurred when Martin's feet became entangled in a dog leash causing her to fall. We affirm.
Martin was walking her employer's eighty pound dog, Ben, when Ben pulled on the leash and ran around her in an effort to reach another dog owned by Newkirk, an employee of the defendant company. That dog, King, was on the street, unattended, and was around ten feet away at the time. The evidence is undisputed that the doggie encounter was friendly. The dogs "knew" each other, had played in the past, and were both behaving in a playful manner.
Martin acknowledges that this is not a case involving an injury on the property or involving a dog with a vicious propensity. There is no evidence that either dog acted hostilely, either at the time of the incident, or in the past, and no claim that either dog was vicious. It is undisputed that King had no connection to Gulfstream other than that Newkirk regularly brought the dog to work and left him unattended in the yard. The Gulfstream property was enclosed by a fence, and the fence gate was kept open during business hours.
Martin's cause of action is based on a common law negligence claim against the *689 employer for leaving the gate open and allowing King to freely roam off the property.
At the hearing, the trial judge asked whether a leash law was violated. Martin's counsel responded "[t]hat's not cited in the complaint, Your Honor." The court then added, "[w]ell, did you cite it anywhere in response to this motion for summary judgment, that there was a duty as a matter of law that this dog should have been leashed and it was loose and, therefore, it caused or contributed to the injury of your client?" Martin's counsel then stated, for the first time, "I would make an oral motion for leave to amend to include an allegation regarding the violation of a leash law." The court then addressed Gulfstream's counsel, "[s]o the only issue is whether I should be . . . granting your motion with finality or granting it with leave to amend. That's the only issue." Counsel responded,
They're never going to be able to prove this happened on our client's property. That's undisputed based on the Plaintiffs testimony, and they're never going to be able to prove that this dog was vicious because the Plaintiff herself admitted that it wasn't. Therefore, leave to amend would be futile under the circumstances, your honor, regardless of whether there was a leash law or not.
At the conclusion of the hearing, the trial court took the amendment issue under advisement and subsequently granted Gulfstream's motion for summary judgment.
Martin now argues that the trial court erred in denying her oral motion for leave to amend because a Broward County ordinance "imposes the duty to prevent dogs from being at large on not just the dogs [sic] owner, but on `any person.'" Specifically, Martin cites to the section that states:
(a) It shall be a violation of this section for any person to permit any dog to be at large as defined herein.
(b) No dog shall be allowed to stray, run or go at large upon any public property or street, sidewalk. . . .
* * *
(e) In order for a dog to be allowed on a public street, road, park or other public property . . . the dog shall be under the direct control of the owner or keeper. . . .
§ 4-3, Broward, Fla.
Martin cites no analogous authority for imposing liability on a landowner for injuries occurring off premises involving a dog that the landowner does not own and does not maintain or control. Here, there is no evidence that the dog was even on the property for the landowner's benefit. Clearly, the only evidence that Gulfstream "harbored" Newkirk's dog is that the company manager knew Newkirk brought the dog to work and did not object to its presence on the property.
Historically, tort liability for injuries caused by dogs has evolved with its very own unique set of statutory and common law rules. Tran v. Bancroft, 648 So.2d 314 (Fla. 4th DCA 1995). Cases also note the significant distinction between the claim against a property owner by a person injured on the property and an injury occurring off the property. In Tran, the defendant leased his property to the dog owner. Id. The dog jumped over a fence and attacked a neighbor. This court concluded that only the owner or "one who harbors" a dog could be held liable for such an attack. There, we recognized:
appellants cite no cases at common law in which a landlord, non-owner of a dog has been held liable to a plaintiff for injuries incurred outside the premises where the dog was maintained and kept *690 by a tenant. Therefore, like the first district in Allen, and the second district in Ward, we decline to further extend the common law liability of a non-owner of a dog in the context of the facts of this case.
Id. at 316.
We further explained what was meant by the term "harbor":
. . . Appellant cites no common law authority for his position that a landlord may be liable for injuries caused by a tenant's dog outside the property owned by the landlord. At common law, only those who owned the dog, had an interest in the dog, or harbored the dog could be liable for injuries caused by the animal. 4 AM.JUR. 2d Animals § 98 (1962). A person was said to have harbored a dog if he or she undertook to care for the dog as the owners of such animals are generally accustomed to do. Id. "While owners are responsible for the mischief done by their dogs, no man can at common law, be held liable for the mischief done by another's dog unless he had some agency in causing the dog to do it." 4 AM.JUR. 2d Animals § 92 (1962).
Tran, 648 So.2d at 315; see also O'Steen v. Kemmerer, 344 So.2d 313 (Fla. 1st DCA 1977) (finding landowner not liable where an employee's monkey escaped from property and attacked plaintiff off the premises).
In Allen v. Enslow, 423 So.2d 616 (Fla. 1st DCA 1982), a motorcyclist was injured when a tenant's dog ran into the street. There, the court upheld dismissal of the claim against the landowner, citing O'Steen:
[t]his court has refused to extend Christie [v. Anchorage Yacht Haven, Inc., 287 So.2d 359 (Fla. 4th DCA 1973)] to a situation where plaintiff was injured on her own property by wild animals alleged to be negligently maintained on the defendant landowner's adjacent property by his employee, and with the defendant's knowledge or notice, absent any interest in or use of the animals by the defendant landowner. O'Steen v. Kemmerer, 344 So.2d 313 (Fla. 1st DCA 1977). We are not persuaded by appellants' attempts to distinguish O'Steen. That decision, precluding recovery in such circumstances by one injured on her own property, cannot in our opinion be reconciled with the asserted liability of the landlord in this case to one injured on the street by a tenant's dog. Cf., collected cases, Anno. 18 A.L.R.3d 638.
Allen, at 616.
In Ward v. Young, 504 So.2d 528 (Fla. 2d DCA 1987), a tenant's dog attacked the plaintiff. In reversing a summary judgment in favor of the landlord, the Second District made it clear that it was reversing solely because there were material issues of fact whether the dog was on or off the property, and the landowner could be found liable only if the dog bite occurred on the property.
We note that, even in the case of an attack by a vicious dog occurring on the property of a non-owner employer, we have held in favor of the landowner. In Roberts v. 219 South Atlantic Boulevard, Inc., 914 So.2d 1108 (Fla. 4th DCA 2005), we concluded that summary judgment is properly granted to a landowner where the plaintiff was bitten by a contractor's dog. There, the employer knew about the dog and had never told the owner/contractor (treated as employee) that he could not bring the dog when he worked on the premises. While at work, the contractor/employee rolled down the windows and left the dog in the truck. The plaintiff was injured when he walked by the pick-up *691 truck and the dog stuck its head out and bit his shoulder.
In Roberts, we recognized several factors to consider in resolving whether the employer could be liable:
We have held that an employer is not liable for injury caused to a third party by his employee's dog if the bringing of the dog to work site: 1) `is not consented to or encouraged by the employer,' 2) is `of no benefit to the employer,' 3) is `not within the scope of the employee's duties,' and 4) `the employer has no knowledge of the vicious propensities of the animal.' Poling v. Peter R. Rylance, Inc., 388 So.2d 353 (Fla. 4th DCA 1980); see Dickson v. Graham-Jones Paper Co., 84 So.2d 309 (Fla.1955).
Roberts, 914 So.2d at 1109. In applying these factors, the court concluded that despite knowledge of the dog's presence, the remaining factors weighed in favor of the employer. Bringing a dog to the site was not within the scope of the employee's duties, employer did not allow it to receive a benefit, and the employer had no knowledge of the animal's vicious propensities.
In Poling v. Peter R. Rylance, Inc., 388 So.2d 353 (Fla. 4th DCA 1980), an employee's dog attacked the plaintiff on the property. There, we recognized that "knowledge of such keeping AND knowledge of the viciousness of such animal are both necessary elements to be alleged in order to hold a corporation for the acts of its agents, servants, or employees." Id. at 353.
Here, in addition to the injury occurring off premises, landowner liability is even further removed as there is no evidence that King was vicious or was even acting in a vicious manner. We also note that this accident could just as easily have occurred if King had been on a leash.
Therefore, concluding that the trial court properly entered summary judgment in favor of the property owner, we affirm.
STEVENSON and TAYLOR, JJ., concur.