[Civ. No. 23631. Third Dist. Jan. 3, 1985.]

DOROTHY B. DAVERT et al., Plaintiffs and Appellants, v.
THOMAS W. LARSON, Defendant and Respondent.

COUNSEL

Trezza, Ithurburn & Steidlmayer, Mark G. Steidlmayer and Bertrand F. Ithurburn for Plaintiffs and Appellants.

Price, Price, Davis, Brown & Halsey and Robert L. Davis for Defendant and Respondent.

Halkides & Morgan and Victor R. Richardson as Amici Curiae on behalf of Defendant and Respondent.

## OPINION

**ROBIE, J.**\*—On April 6, 1982, plaintiffs[1] sued defendant Thomas Larson[2] (hereinafter defendant) and others, for damages for negligence after plaintiffs' automobile collided with a horse. On October 21, 1983, the trial court granted defendant's motion for summary judgment finding he owed no duty of care to plaintiffs. We reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 1981, plaintiffs were traveling in an automobile driven by plaintiff Edward Davert. The automobile collided with a horse alleged to have escaped from property owned by defendant and others adjacent to the road.

Plaintiffs alleged liability on the part of defendant on two theories: (1) defendant, in his capacity as deputy sheriff of the County of Siskiyou, observed the gap or hole in the fence adjacent to the road through which the horse was alleged to have escaped and failed to take precautionary measures and (2) defendant owned a 1/2500th undivided interest in the property from which the horse escaped.

On October 7, 1983, defendant moved for summary judgment arguing that, in his capacity as deputy sheriff, he owed no duty of care towards plaintiffs absent a special relationship (see *Davidson* v. *City of Westminister* (1982) 32 Cal.3d 197, 199, 206 [185 Cal.Rptr. 252, 649 P.2d 894]) and that he owed no duty of care to plaintiffs as a landowner because he took title to his interest in the property subject to a recorded declaration of covenants, conditions and restrictions delegating exclusive control over the subject property to defendant R-Ranch Property Owners Association.[3] The trial court granted the motion.

Plaintiffs appeal, accepting the trial court's decision regarding defendant's duty of care to plaintiffs in his capacity as deputy sheriff, but contending the court erred in concluding that defendant owed no duty to plaintiffs as a landowner.

---

\*Assigned by the Chairperson of the Judicial Council.

[1] Plaintiffs are Dorothy Davert, guardian of the estate of Donna Davert and Edward Davert. Dorothy, Donna's mother, was appointed Donna's guardian because Donna is incompetent due to the injuries she received during the automobile accident which is the subject of this lawsuit.

[2] Larson was named and served as Doe II.

[3] The covenants, conditions and restrictions for the R-Ranch described it as a "recreational community" and authorized the Association to maintain the roads, recreational vehicle park and community recreational features of the ranch.

## DISCUSSION

■ The law is well settled that an owner or occupier of land is required to exercise ordinary care in the management of his property and the breach of such duty constitutes actionable negligence. (Civ. Code, § 1714, subd. (a); see generally, *Sprecher* v. *Adamson Companies* (1981) 30 Cal.3d 358 [178 Cal.Rptr. 783, 636 P.2d 1121]; *Rowland* v. *Christian* (1968) 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496]; 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 567, p. 2834.) This rule applies "unless public policy clearly requires that an exception be made." (*Lipson* v. *Superior Court* (1982) 31 Cal.3d 362, 372 [182 Cal.Rptr. 629, 644 P.2d 822].)

A landowner or possessor owes a duty of care to persons who come on his property as well as to persons off the property for injuries due to the landowner's lack of due care in the management of his property. (*Coates* v. *Chinn* (1958) 51 Cal.2d 304, 307 [332 P.2d 289]; *Moeller* v. *Flemming* (1982) 136 Cal.App.3d 241, 245 [186 Cal.Rptr. 24]; *Harris* v. *De La-Chappelle* (1976) 55 Cal.App.3d 644, 648 [127 Cal.Rptr. 695].) ■ A landowner may be held liable for negligently allowing livestock to escape from his property onto a highway. (See, e.g., *Curtis* v. *State of California* (1982) 128 Cal.App.3d 668, 692 [180 Cal.Rptr. 843]; *Pepper* v. *Bishop* (1961) 194 Cal.App.2d 731, 733 [15 Cal.Rptr. 346].) ■ Generally, the duty owed by a landowner is nondelegable. (*Swanberg* v. *O'Mectin* (1984) 157 Cal.App.3d 325, 331-332 [203 Cal.Rptr. 701]; *Brown* v. *George Pepperdine Foundation* (1943) 23 Cal.2d 256, 260 [143 P.2d 929]; 50 Cal.Jur.3d, Premises Liability, § 12, p. 476.)[4]

Defendant, echoing the conclusions of the trial court, argues that he owed plaintiffs no duty of care because his interest in the property ($\frac{1}{2500}$) is small and he exercised no control over the management of the property. Like the trial court, defendant relies on *White* v. *Cox* (1971) 17 Cal.App.3d 824 [95 Cal.Rptr. 259, 45 A.L.R.3d 1161], although it did not reach the issue in the case before this court.

The plaintiff in *White* owned a condominium and $\frac{1}{60}$ undivided interest in the common areas.[5] Plaintiff was injured stumbling over a water sprinkler located in a common area. (*Id.*, at pp. 825-826.) The trial court sustained

---

[4]We are not here concerned with a holder of bare legal title (see *Richman* v. *Green* (1956) 143 Cal.App.2d 470, 471 [299 P.2d 890]) or a lessor. (See *Rosales* v. *Stewart* (1980) 113 Cal.App.3d 130, 134 [169 Cal.Rptr. 660].)

[5]We note that the interest of defendant herein in the subject property is nearly identical to that of the typical condominium owner except that the property consists *entirely* of common area.

the demurrer of the defendant homeowner's association vested with management and control over (but not title to) the common area.

The appellate court noted that, traditionally, an unincorporated association is immune from suit by its members because: (1) it lacks a legal existence apart from its members and (2) each member exercises control over the association. (*Id.*, at p. 826.) Distinguishing these principles, the court reversed, holding that the homeowner's association of a condominium project is a separate legal entity from its members and that plaintiff exercised no real control over the management policies of the homeowner's association.

The court also held that the condominium owners are tenants in common of the common areas. (*Id.*, at p. 829.)

Presiding Justice Roth concurred, observing however, that the majority opinion failed to define or distinguish the extent to which the individual unit owners in a condominium project may become liable to another owner or *to a third person* for tortious conduct arising in the common areas of the project. (*Id.*, at p. 831.) Justice Roth stated that "legal owners of the common areas are not immunized from liability by virtue of the mere existence of the association." (*Id.*, at p. 832.) After suggesting that an individual unit owner's remedy against an association may be contractually limited by the extent of the insurance[6] required to be obtained, Justice Roth concluded, "A suit by one other than a unit owner is a question not raised by the litigation at bench, and cannot be similarly circumscribed. Generally, tenants in common may be joined as defendants and their liability is joint and several ([former] Code Civ. Proc., § 384), and the apportionment of liability as between two unit owners is, of course, a difficult and vexing question. [Citation.]"[7] (*Id.*, at p. 833.)

Recently a leading commentator has concluded that individual owners of common areas in California are liable to third parties for torts arising in common areas. (Cal. Condominium and Planned Development Practice (Cont.Ed.Bar 1984) pp. 636-637.)

---

[6]The governing body of a condominium project may, but is not required, to obtain insurance on behalf of and for the benefit of its owners (Civ. Code, § 1355, subd. (b)(2)).

[7]We express no opinion as to how liability, if any such should be found to exist, should be apportioned in this case. (See *id.*, pp. 830-831, fn. 3.)

Although the potential liability of individual owners of common areas may be substantial,[8] no California court has decided this issue. In looking to other jurisdictions, we have found one reported case. In *Dutcher* v. *Owens* (Tex. 1983) 647 S.W.2d 948 the Texas Supreme Court held individual owners of a condominium liable for torts arising out of the "ownership, use and maintenance of 'common elements.'" (*Id.,* p. 948.)

Most state condominium laws do not deal definitively with this issue of individual liability.[9] However, the National Conference of Commissioners on Uniform State Laws has recently promulgated the Uniform Common Interest Ownership Act (1982) (7 West's U. Laws Ann. (1984 pocket supp.) Bus. & Fin. L., p. 79.)[10] This act is designed to cover various types of common ownership, including condominiums. The act provides that owners are not individually liable for torts arising out of common areas. The liability rests with the association formed to manage those areas (§ 3-111). However, the act also requires the association to maintain specified insurance as to common areas to protect third parties (§ 3-113).[11]

█ It is clear that considerations of public policy require that any departure from the common law rule of liability of individual owners of property in common cannot operate to the substantial detriment of third parties (*Lipson* v. *Superior Court, supra,* 31 Cal.3d at p. 372). Since California law does not require insurance to protect third parties in the case of common area torts, relieving individual owners in common of liability would eliminate any motivation on the part of *any* party to exercise due care in the management and control of commonly owned property and could leave third parties with no remedy at law.

Therefore, we believe that tenants in common of real property who delegate the control and management of the property to a separate legal entity should not be immunized from liability to third parties for tortious conduct.

---

[8]See California Condominium and Planned Development Practice (Cont.Ed.Bar 1984) at page 636, which recommends adequate insurance as the best protection. Title to common areas also can be transferred to the association which can incorporate as a secondary means of protection. (*Id.,* at pp. 636-638.) In *White,* when the court held that a condominium association could be sued in the condominium name in negligence actions, it also held that individual owners need not be named as parties in a negligence action against the association. (*White* v. *Cox, supra,* 17 Cal.App.3d 824 at p. 830.)

[9](15A Am.Jur.2d, Condominiums and Cooperative Apartments, § 43 (1984 pocket supp.) p. 210.)

[10]To date only Connecticut has adopted this act.

[11]Similar provisions are found in predecessor model acts—The Uniform Condominium Act (1977) (7 West's U. Laws Ann. (1978) Bus. & Fin. L., p. 97) which has been enacted in Minnesota, Pennsylvania and West Virginia and the Uniform Condominium Act (1980) (7 West's U. Laws Ann. (1984 pocket supp.) Bus. & Fin. L., p. 216) which has been enacted in Maine, Missouri, New Mexico and Rhode Island.

## DISPOSITION

The judgment of dismissal is reversed.

Puglia, P. J., and Sims, J., concurred.