**ZAKARIA SUID, KEFAH SUID, GOURMET GALLERY YACHT HAVEN, INC., Plaintiffs**

**v.**

**PHOENIX FIRE AND MARINE INSURANCE COMPANY, LTD. and JACKSON'S INSURANCE AGENCY, Defendants**

Civil No. 90-241

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 20, 1991

ANDREW L. CAPDEVILLE, ESQ., St. Thomas, V.I., *for plaintiffs*

KATHLEEN MACKAY, ESQ. (LAW OFFICES OF MARIA T. HODGE, P.C.), St. Thomas, V.I., *for defendant Phoenix Fire & Marine Insurance Co., Ltd.*

FREDERICK G. WATTS, ESQ. (WATTS AND STREIBICH), St. Thomas, V.I., *for defendant Jackson's Insurance Agency*

McGLYNN, Jr., *U.S. District Judge, Sitting by Designation*

## MEMORANDUM

THIS MATTER is before the Court on the motion of plaintiffs Zakaria Suid, Kefah Suid ("Suids"), and Gourmet Gallery, Yacht Haven, Inc. ("Gourmet Gallery") for summary judgment as to both defendants on Count I of the complaint. For the reasons that follow the motion will be granted.

The salient facts are not in dispute and are as follows. On March 6, 1989, the Suids entered into an insurance contract for their home with Phoenix through its agent Jackson. On August 31, 1989, Gourmet Gallery entered into an insurance contract with Phoenix through its agent Jackson. On September 17–18, 1989 Hurricane Hugo struck the Virgin Islands and destroyed the Suids' home and the Gourmet Gallery. Plaintiffs filed proofs of loss for the home and the Gourmet Gallery in December 1989. Defendant Phoenix agreed to a settlement of $783,822.00 for Gourmet Gallery and $157,000.00 for the home. As of September 24, 1990, Phoenix still owed $610,822.00 for the hurricane losses.

Plaintiffs filed this action against Phoenix and Jackson to recover the balance of the money due. Jackson opposes the motion for summary judgment on the grounds that discovery is not complete, Jackson as an agent for Phoenix is not liable, and the motion is legally deficient. Phoenix contends that material facts are in dispute thus precluding the entry of summary judgment.

## DISCUSSION

The basic prerequisite for the entry of summary judgment is the absence of a "genuine" issue of "material" fact. The mere allegation of a factual dispute between the parties is an insufficient basis

on which to deny a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–248 (1986). A fact is "material" only if it will affect the outcome of a lawsuit under the applicable law, and a dispute over a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. The burden of showing that no genuine issue of fact exists rests initially on the moving party. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976), cert. denied, 429 U.S. 1038 (1977). This requires only that the party seeking summary judgment "inform the district court of the basis of its motion, and identify those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)[1]; Anderson v. Liberty Lobby Inc., 477 U.S. at 248. There is no issue for trial unless the nonmoving party can demonstrate that there is sufficient evidence favoring the nonmoving party so that a reasonable jury could return a verdict in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249. The role of the court, however, is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." Id. The court is mindful that, in deciding a motion for summary judgment, it must construe the facts and inferences therefrom in a light most favorable to the nonmoving party. Pollock v. American Telephone & Telegraph Long Lines, 794 F.2d 860, 864 (3d Cir. 1986). Applying these standards to the matter under consideration, I conclude that plaintiffs are entitled to summary judgment against the defendant Phoenix and that the defendant Jackson's Insurance Agency is entitled to summary judgment against the plaintiffs.

---

[1] Fed. R. Civ. P. 56(e) provides in relevant part: When a motion for summary judgment is made and supported as provided by this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond summary judgment; if appropriate, shall be entered against the adverse party.

Plaintiffs have produced copies of the insurance policy and un-challenged admissions of the amount due. Fed. R. Civ. P. 56 does not require that the moving party support its motion with affidavits or other materials which negate the opponent's claim; instead, this "burden may be discharged by 'showing . . . that there is an absence of evidence to support the nonmoving party's case.'" Celotex Corp. v. Catrett, 477 U.S. at 323–25.

■ The court is unpersuaded by the contention that discovery is incomplete. Summary judgment may be entered after there has been "adequate" time for discovery. Celotex Corp. v. Catrett, 477 U.S. at 322. The fact of uncompleted discovery does not bar summary judgment. See, e.g., Dowling v. City of Philadelphia, 855 F.2d 136, 140 (3d Cir. 1988). Moreover, defendants have failed to state any reasons why discovery is incomplete or what pertinent information would be pro-cured by additional discovery.

■■ Although Jackson has not filed a cross motion for summary judgment, it is entitled to judgment in its favor. Where one party has invoked the power of the court to render a summary judgment against an adversary, the court has the power to render a summary judgment for the adversary if it is clear that the case warrants that result, even though the adversary has not filed a cross-motion for summary judgment. Peiffer v. Lebanon School Dist., 673 F.Supp. 147 (M.D.Pa. 1987), aff'd, 848 F.2d 44 (3d Cir. 1988). It is undisputed that Jackson was acting as the agent of Phoenix when it sold the insur-ance policies to the Suids. Under general principles of agency law, Jackson is not personally liable to the Suids, if with authority to do so, it effects a binding contract of insurance between Phoenix and the insureds. Restatements (Second) of Agency § 320 (1958); See, e.g., Wayne Chemical, Inc., v. Columbus Agency Service Corp., 567 F.2d 692 (7th Cir. 1977); cf. Graham v. Insurance Co. of North Amer-ica, 562 F. Supp. 134 (3d Cir. 1983). Here there is no claim that Jack-son exceeded its authority or that it did not disclose its principal. Accordingly, the court, sua sponte, will grant summary judgment in Jackson's favor as to count I of the complaint.

## CONCLUSION

■ Because Phoenix has failed to demonstrate that a genuine is-sue of material fact exists regarding count I of the complaint, the court must award partial summary judgment in plaintiff's favor and against Phoenix. Because Jackson was merely an agent for Phoenix,

the court sua sponte grants summary judgment in Jackson's favor as to count I of the complaint. An appropriate order will be entered.

## ORDER

This matter having come before the court on plaintiffs' motion for summary judgment on count I of the complaint;

Having considered the submissions of the parties;

For the reasons stated in the court's memorandum of this date; and

For good cause shown;

IT IS on this 20th day of February 1991, hereby

ORDERED THAT plaintiffs' motion for partial summary judgment against Phoenix Fire and Marine Insurance Company, Ltd. is GRANTED and THAT summary judgment in favor of Jackson's Insurance Agency on count I of the complaint is GRANTED.