PER CURIAM.
In the underlying premises liability action, the plaintiff, Roberto Verges, appeals, and the defendant-landlord, Pacheco & Sons, Inc., cross-appeals from a final judgment. We affirm finding that the trial court properly directed a verdict in favor of the defendant-landlord where the evi *543 dence presented at trial showed that the defendant-landlord was not in possession of the property at the time of the plaintiffs injury. Bovis v. 7-Eleven, Inc., 505 So.2d 661, 664 (Fla. 5th DCA 1987)(“[T]he duty to protect others from injury resulting from a dangerous condition on a premises does not rest on legal ownership of the dangerous area but on the right to control access by third parties which right usually exists in the one in possession and control of the premises.”); see also Worth v. Eugene Gentile Builders, 697 So.2d 945, 947 (Fla. 4th DCA 1997)(“[I]t is not ownership of the property which determines the duty of care, but rather, ‘the failure of a person who is in actual possession and control ... to use due care to warn or to exclude, licensees and invitees from areas known to possessor to be dangerous because of operations or activities or conditions.’ ” (quoting Haynes v. Lloyd, 533 So.2d 944, 946 (Fla. 5th DCA 1988))).
Because this issue is dispositive, we do not address the issue raised in the cross-appeal.
Accordingly, we affirm the entry of final judgment in favor of the defendant-landlord.