**STACI REED KOSICK and, PATRICK KOSICK, Plaintiffs**
**vs.**
**YANNI ALEXANDER BAR-SELA, MULLER BAY HOLDINGS, LLC, a**
**Virgin Islands Limited Liability Company, and VP MARINA, LLC, a**
**Virgin Islands Limited Liability Company, Defendants**

Civil No. 172/2005

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

April 2, 2007

R<span style="font-variant:small-caps">UTH</span> M<span style="font-variant:small-caps">ILLER</span>, Charlotte Amalie, St. Thomas, U.S.V.I., *For Plaintiff.*

J<span style="font-variant:small-caps">AMES</span> L. H<span style="font-variant:small-caps">YMES</span> III, Charlotte Amalie, St. Thomas, U.S.V.I., *For VP Marina Defendant.*

ROSS, *Judge*

### MEMORANDUM

(April 2, 2007)

**THIS MATTER** is before the Court on Defendant Muller Bay Holdings, LLC ("Muller Bay") motion for summary judgment. For the following reasons the motion will be granted.

## FACTS

Plaintiff Staci Reed Kosick ("SRK") was attacked by two dogs owned by Yannai Alexander Bar-Sela's ("Bar-Sela") in the area commonly known as Vessup Beach on St. Thomas, U.S. Virgin Islands. The dogs are island breed mutts. Bar-Sela kept the two dogs on the premises he leased from VP Marina, LLC ("VP Marina"). The leased VP Marina property is adjacent to Vessup Beach. The attack in question took place on Muller Bay's property, within ten (10) feet of the shore line; an area of land covered by the Open Shorelines Act which guarantees the public access to the shorelines of the United States Virgin Islands. None of the properties in question are fenced in.

## DISCUSSION

Defendant Muller Bay seeks summary judgment. Rule 56 of the Federal Rules of Civil Procedure provides that judgment shall be rendered in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A fact is material only if it will affect the outcome of a lawsuit under the applicable law. *Suid v. Phoenix Fire & Marine Insurance Co.*, 26 V.I. 223, 225 (D.V.I. 1991). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. . . ." *Chase v. Virgin Islands Port Authority*, 3 F. Supp. 2d 641, 38 V.I. 417, 418 (D.V.I. 1998) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). There must be enough evidence to enable a jury reasonably to find for the nonmoving party on that factual issue. *Anderson*, 477 U.S. at 249.

A dispute over a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Suid*, 26 V.I. at 225. Once the moving party has met its burden of establishing that there is no genuine issue of material fact in dispute, the nonmoving party must provide evidence that is sufficiently probative and more than a colorable substantiation in support of its case. *Skopbank v. Allen-Williams Corp.*, 7 F. Supp. 2d 601, 39 V.I. 220 at 227-28 (D.V.I. 1998). The role of the court, however, is not to weigh the evidence for its truth

or credibility, but merely to ascertain whether a triable issue of fact remains in dispute. *Suid*, 26 V.I. at 225. The nonmoving party receives "the benefit of all reasonable doubts and inferences drawn from the underlying facts." *Aristide v. United Dominion Constructors, Inc.*, 30 V.I. 224 at 226 (D.V.I. 1994).

■ Muller Bay argues that since the attack took place on the part of Muller Bay property in which the public is guaranteed access it could not restrict SRK access to the beach, i.e., the area was not in its sphere of control and as such Muller Bay did not owe SRK a duty of care or duty to warn. Regarding the negligence claim, the Court must determine whether a genuine issue of fact exists with respect to: (1) a duty of care, (2) a breach of that duty by Defendant, which (3) was the factual and proximate (legal) cause of (4) damages to Plaintiff. *Chelcher v. Spider Staging Corp.*, 892 F. Supp. 710, 715, 32 V.I. 320 (D.V.I. 1995).

■ RESTATEMENT (SECOND) OF TORTS § 314A(3) provides in relevant part that a possessor of land who holds it open to the public is under a similar duty to members of the public who enter in response to his invitation. Muller Bay argues that the attack took place outside of the area in which it had control, dissolving any duty of care.

The Virgin Islands Open Shorelines Act, 12 V.I.C. §§ 402 & 403 provides that

> § 402 Open beaches and shorelines; shorelines defined.
>
> (a) It is hereby declared and affirmed that the public, individually and collectively, has and shall continue to have the right to use and enjoy the shorelines of the United States Virgin Islands as 'United States Virgin Islands' is defined in section 2(a) of the Revised Organic Act of the United States Virgin Islands.
>
> (b) For the purposes of this chapter 'shorelines of the United States Virgin Islands' shall mean the area along the coastlines of the United States Virgin Islands from the seaward line of low tide, running inland a distance of fifty (50) feet; or to the extreme seaward boundary of natural vegetation which spreads continuously inland; or to a natural barrier; whichever is the shortest distance. Whenever the shore is extended into the sea by filling or dredging, the boundary of the shorelines shall remain at the line of vegetation as previously established.
>
> § 403 Obstruction of shorelines prohibited.

6

No person, firm, corporation, association or other legal entity shall create, erect, maintain, or construct any obstruction, barrier, or restraint of any nature whatsoever upon, across or within the shorelines of the United States Virgin Islands as defined in this section, which would interfere with the right of the public individually and collectively, to use and enjoy any shoreline.

Relevant indicia of control include who is responsible for the safety of guests, who has the authority to dictate who may use the property, and whether the guests were invited by the property owners to use the adjacent land. *Fabend v. Rosewood Hotels and Resorts, L.L.C.*, 381 F.3d 152, 46 V.I. 668 (3d Cir. 2004) (citing *See Pacheco v. United States*, 220 F.3d 1126, 1131-32 (9th Cir. 2000)). The duty to protect others from injury resulting from a dangerous condition on a premises does not rest on legal ownership of the dangerous area but on the right to control access by third parties which right usually exists in the one in possession and control of the premises. *Verges v. Pacheco & Sons, Inc.*, 822 So. 2d 542 (Fla. App. 2002) (citing *Bovis v. 7-Eleven, Inc.*, 505 So. 2d 661, 664 (Fla. App. 1987). Plaintiff do not challenge that the attack took place in the public access area of the shore covered by the Open Shores Act. SRK agrees that Muller Bay could not restrict her access to the beach, as she entered the beach from the water side.

SRK contends that the Open Shorelines Act ("OSA") does not restrict Muller Bay's ability to limit access to the property from the land side. The Court is troubled by this contention in that it stands in opposition of the intent of the *Open* Shorelines Act. By encouraging beach property owners to restrict access to the beach via land will limit use of said beaches to those privileged to own or have access to a boat. The purpose of the Act is to guarantee beach access to all not just the boating elite. Additionally, the effectiveness of land based access restrictions is questionable as Muller Bay cannot fence in the water side of the beach.

This Court is not going to create a duty on beach owners to protect beach users from dangers created by third parties. There is no duty stemming from Muller Bay's control of the property. Beach owners who allow the public access over land to the beach are not indemnifiers of incidents that happen in the public access area of the beach.

SRK asserts that a even if Muller Bay did not have control over the land that it still owed a duty to a person off of its premises, if they are

7

endangered by activities on, or its management of its property. Plaintiff cites to *Barnes v. Black*, 71 Cal. App. 4th 1473, 84 Cal. Rptr. 2d 634 (1999) where a property owner was liable to a child who rolled off defendant's property and was struck by a passing car in the public street because of owner's failure to properly fence the property. When the facts of the present matter are applied to the principles set forth in *Barnes* SRK's role is akin to a claim the owner of the passing car would have against the property owner for damage to his or her vehicle as a result of hitting the car. This assumes that the dogs traveled across land and not via the water or the public access portion of the beach. SRK was never on the non public access portion of the beach. Furthermore the ability to fence off the property is questionable and in opposition to the intent of the OSA.

Plaintiff cites to *Davert v. Larson*, 163 Cal. App. 3d 407, 209 Cal. Rptr. 445 (1985) where a landowner was held liable for damages caused by his escaped horse. *Davert* is closer in circumstances to VP Marina as the property owner where the dog lived. Muller Bay did not own the property where the dogs escaped from nor own the dogs.

■ Plaintiff also raised the argument that in cases involving dog attacks, landowners who were not the dog owners have been found to have a potential duty of care to others to prevent or warn of harm, depending on their knowledge of the danger and ability to control or warn. *See Ward v. Young*, 504 So. 2d 528 (Fla. App. 1987) where the Court reversed summary judgment to answer the question of the landlord knowledge and whether the attack took place on the landlord's property. *Id.* Again this case has more similarities with VP Marina then Muller Bay. The *Ward* Court held that if the unfortunate attack took place somewhere other than on the Defendant landlords property, they cannot be held responsible for Plaintiff's injuries. *Id.* The Court did not speculate on liability on the owner of the land where that attack took place if the attack did not take place on the landlord's property. There is no duty on a homeowner to persons off premises injured by a dog, where the homeowner is not the "keeper" of the dog. *Laderoute v. Hartwich*, 2004 Conn. Super LEXIS 1617 (2004) (citing *Stokes v. Lyddy*, 75 Conn. App. 252, 276, 815 A.2d 263 (2003)).

Plaintiff also cites to two cases where the court found a landlord liable for dog attacks by a tenants dog. *See Christie v. Anchorage Yacht Haven, Inc.*, 287 So. 2d 359 (Fla. App. 1973); *Portillo v. Aiassa*, 27 Cal. App. 4th 1128, 32 Cal. Rptr. 2d 755 (1994). Again these are cases where the

8

circumstances are not identical to the present case. While Muller Bay owned, but did not control, the land where the attack took place it was not Bar-Sela's landlord. The dog escaped VP Marina not Muller Bay.

SRK in her opposition to the motion for summary judgment states that other sections of the Restatement (Second) of Torts apply, specifically 342 and 344-45. Plaintiff did not develop this argument or explain why this Court should look to these sections; nevertheless this Court will briefly review these sections.

■ Section 342 of the RESTATEMENT (SECOND) OF TORTS provides in part that a possessor of land is subject to liability for physical harm caused to licensees by a condition on the land. A licensee is a person who is privileged to enter or remain upon land by virtue of the possessor's consent, whether given by invitation or permission. RESTATEMENT (SECOND) OF TORTS § 330. In the instant matter the Virgin Islands Open Shorelines Act provided SRK access to the beach not Muller Bay and as such section 342 does not apply.

■ Section 344 of the RESTATEMENT (SECOND) OF TORTS provides in relevant part a possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose. Plaintiff also cites *Pacheco v. United States*, 220 F.3d 1126 (9th Cir. 2000) where the Court reversed a dismissal where a defendant failed to warn of the danger of riptides. There is no evidence or even an argument that SRK was on Vessup Beach for a business purpose. Section 344 does not apply. *Pacheco* is distinguished from the instant case in that the beach in question was advertised, user fees where charged and the victim was a social guest. In the present matter SRK was not a social guest of Muller Bay nor did Muller Bay and SRK have a business user fee agreement.

Section 345 of the RESTATEMENT (SECOND) OF TORTS provides:

> (1) Except as stated in Subsection (2), the liability of a possessor of land to one who enters the land only in the exercise of a privilege, for either a public or a private purpose, and irrespective of the possessor's consent, is the same as the liability to a licensee.
>
> (2) The liability of a possessor of land to a public officer or employee who enters the land in the performance of his public duty, and suffers harm because of a condition of a part of the land held open to the public, is the same as the liability to an invitee.

9

Comment D to section 345 states in part:

> In order for the possessor to be liable under the rule stated in this Section for failure to warn a person who enters under a privilege arising without the possessor's consent, there must be a similar likelihood that ignorance of the condition will endanger the safety of the visitor. Therefore the possessor must know or have reason to anticipate that the visitor is upon the land, or will enter it in the exercise of his privilege, and that he will be endangered by the condition.

■ Prior to the incident giving rise to this case SRK witnessed the offending dogs running loose and try and attack her own dog. SRK was not ignorant of the possibility that the dogs would be loose again. Section 345 does not apply.

■ There is no genuine issue as to any material fact and Muller Bay is entitled to a judgment as a matter of law. There is no evidence that Muller Bay owed SRK a duty. A neighbor to a dog owner is not an indemnifier of the dog's actions when the dog is off its owner's property.