**STACI REED KOSICK and, PATRICK KOSICK, Plaintiffs**
**vs.**
**YANNI ALEXANDER BAR-SELA, MULLER BAY HOLDINGS, LLC, a**
**Virgin Islands Limited Liability Company, and VP MARINA, LLC, a**
**Virgin Islands Limited Liability Company, Defendants**

Civil No. 172/2005

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

May 21, 2007

11

 

RUTH MILLER, Charlotte Amalie, St. Thomas, U.S.V.I., *For the Plaintiff.*

SIMONE R. D. FRANCIS, Ogletree, Deakins, Nash, Smoak & Stewart, L.L.C., Charlotte Amalie, St. Thomas, U.S.V.I., *For Muller Bay Holdings, Defendant.*

JULIE GERMAN EVERT, Charlotte Amalie, St. Thomas, U.S.V.I., *For Bar-Sela, Defendant.*

ROSS, *Judge*

## MEMORANDUM

(May 21, 2007)

**THIS MATTER** is before the Court on Defendant VP Marina, LLC ("VP Marina") motion for summary judgment. For the following reasons the motion will be granted.

### FACTS

Plaintiff Staci Reed Kosick ("SRK") was attacked by two dogs owned by Yannai Alexander Bar-Sela ("Bar-Sela") in the area commonly known as Vessup Beach on St. Thomas, U.S. Virgin Islands. The dogs are island breed mutts. Bar-Sela kept the two dogs on the premises he leased from VP Marina. The leased VP Marina property is adjacent to Vessup Beach. The attack in question took place on Muller Bay Holdings, LLC's ("Muller Bay") property, within ten (10) feet of the shore line; an area of land covered by the Open Shorelines Act which guarantees the public access to the shorelines of the United States Virgin Islands. None of the properties in question are fenced in. Bar-Sela was outside with the unleashed dogs, approximately one eighth of a mile away from the attack.

12

On April 4, 2007 this Court granted Muller Bay's motion for summary judgment finding that Muller Bay did not owe Plaintiff a duty of care. SRK and VP Marina filed collectively the motion for summary judgment, reply and response on May 9, 2007.

## DISCUSSION

Defendant VP Marina seeks summary judgment. As stated in the April 4, 2007 Order, Rule 56 of the Federal Rules of Civil Procedure provides that judgment shall be rendered in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A fact is material only if it will affect the outcome of a lawsuit under the applicable law. *Suid v. Phoenix Fire & Marine Insurance Co.*, 26 V.I. 223, 225 (D.V.I. 1991). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. . . ." *Chase v. Virgin Islands Port Authority*, 3 F. Supp. 2d 641, 38 V.I. 417, 418 (D.V.I. 1998) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). There must be enough evidence to enable a jury reasonably to find for the nonmoving party on that factual issue. *Anderson*, 477 U.S. at 249.

A dispute over a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Suid*, 26 V.I. at 225. Once the moving party has met its burden of establishing that there is no genuine issue of material fact in dispute, the nonmoving party must provide evidence that is sufficiently probative and more than a colorable substantiation in support of its case. *Skopbank v. Allen-Williams Corp.*, 7 F. Supp. 2d 601, 39 V.I. 220 at 227-28 (D.V.I. 1998). The role of the court, however, is not to weigh the evidence for its truth or credibility, but merely to ascertain whether a triable issue of fact remains in dispute. *Suid*, 26 V.I. at 225. The nonmoving party receives "the benefit of all reasonable doubts and inferences drawn from the underlying facts." *Aristide v. United Dominion Constructors, Inc.*, 30 V.I. 224 at 226 (D.V.I. 1994).

Like Muller Bay, VP Marina argues that since the attack took place on the part of Muller Bay property in which the public is guaranteed access it could not restrict SRK's access to the beach, i.e., the area was not in

13

Muller Bay or VP Marina's sphere of control and as such VP Marina did not owe SRK a duty of care or duty to warn. Additionally VP Marina argues that as a landlord it did not have control of its tenant's dogs and SRK was aware of Bar-Sela's dogs' behavior.

■ Regarding the negligence claim, the Court must determine whether a genuine issue of fact exists with respect to: (1) a duty of care, (2) a breach of that duty by Defendant, which (3) was the factual and proximate (legal) cause of (4) damages to Plaintiff. *Chelcher v. Spider Staging Corp.*, 892 F. Supp. 710, 715, 32 V.I. 320 (D.V.I. 1995).

This Court in the April 4, 2007 Order held that Muller Bay did not owe SRK a duty of care because she was attacked on the portion of the beach that is open to the public pursuant to the Virgin Islands Open Shorelines Act found at 12 V.I.C. § 401 *et seq.* The rationale expressed in that Court decision applies to this instant motion. Muller Bay did not have control over the property. Logic dictates that if Muller Bay did not have control of its property because it was public access then its neighbor VP Marina also was not in control of said property.

■ VP Marina is distinguished from Muller Bay in that it was Bar-Sela's landlord and it permitted him to keep the dogs on VP Marina property. The attack occurred in the public access area of Muller Bay's property. Bar-Sela was outside with his unleashed dogs at the time of the attack. What Plaintiff is asking is for this Court to hold VP Marina liable for the attack merely because it is the dog owner's landlord. There is no duty on a homeowner to persons off premises injured by a dog, where the homeowner is not the "keeper" of the dog. *Laderoute v. Hartwich*, 2004 Conn. Super. LEXIS 1617 (2004) (citing *Stokes v. Lyddy*, 75 Conn. App. 252, 276, 815 A.2d 263 (2003)).

■■ The injuries the dogs cause must be ones which would not have occurred if the landlord had taken actions which were within his power. *Donchin v. Guerrero*, 34 Cal. App. 4th 1832, 1840, 41 Cal. Rptr. 2d 192 (1995). In the cases of dangerous dogs, that potential power is found in whatever rights the landlord may have to insist the tenant remove the dogs from the leased premises or to insure the property is so secure the dogs cannot escape to harm persons on or off the property. *Id.* Relevant indicia of control include who is responsible for the safety of guests, who has the authority to dictate who may use the property, and whether the guests were invited by the property owners to use the adjacent land. *Fabend v. Rosewood Hotels and Resorts, L.L.C.*, 381 F.3d 152, 46 V.I. 668 (3d Cir.

14

2004) (citing *See Pacheco v. United States*, 220 F.3d 1126, 1131-32 (9th Cir. 2000)). The duty to protect others from injury resulting from a dangerous condition on a premise does not rest on legal ownership of the dangerous area but on the right to control access by third parties which right usually exists in the one in possession and control of the premises. *Verges v. Pacheco & Sons, Inc.*, 822 So. 2d 542 (Fla. App. 2002) (citing *Bovis v. 7-Eleven, Inc.*, 505 So. 2d 661, 664 (Fla. App. 1987).

██ ██ The Court in *Donchin* reversed a grant of summary judgment where there was a question if the dogs escaped through a broken fence. In this case the VP Marina property was not fenced in. Bar-Sela took his unleashed dogs to Vessup Beach. Beach owners, nor neighbors of beach owners, who allow the public access over land to the beach are not indemnifiers of incidents that happen in the public access area of the beach. Furthermore a landlord is not an indemnifier of their tenant's dogs when the tenant takes the dogs off the landlord's property.

██ There is no genuine issue as to any material fact and VP Marina is entitled to a judgment as a matter of law. There is no evidence that VP Marina owed SRK a duty. A landlord is not an indemnifier of a tenant's dogs actions when the dogs are off the landlord's property through no fault of the landlord.