Filed 6/3/25  Estala v. Kerrigan CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| MIRNA MIRELLA ESTALA, | |
| Plaintiff and Appellant, | G063582 |
| v. | (Super. Ct. No. CVRI2000114) |
| DAVID KERRIGAN, Individually and as Trustee, etc., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Riverside County, Godofredo Magno, Judge. Affirmed in part, reversed in part, and remanded.

Law Offices of Ameer A. Shah, Ameer A. Shah and Lisa Jackson for Plaintiff and Appellant.

Horton, Oberrecht & Kirkpatrick, Kimberly Suzanne Oberrecht, and Karen L. Bilotti for Defendant and Respondent.

While walking in front of a residential property in Perris, California, plaintiff Mirna Mirella Estala was attacked by two large dogs owned by a squatter who was living on the property. The property was held in trust by the Erma Kerrigan Trust (the landowner), which had acquired it in foreclosure. Defendant David Kerrigan was the successor trustee of the landowner, managed the property in that capacity, and visited it several times a year. At the time of the attack, the dogs were unrestrained and able to exit the property through an open gate and attack plaintiff.[1] Plaintiff sued Kerrigan in his individual and representative capacities for the injuries she suffered on theories of negligence and strict liability.

Kerrigan moved for summary judgment on the ground he did not owe a duty of care to plaintiff because neither he nor the landowner owned the dogs, the dogs had no prior reported attacks, and Kerrigan did not know they had dangerous propensities. The trial court granted the motion based on the public policy exception to a landowner's general statutory duty of care that is applicable to *landlords* who have relinquished exclusive possession and control over their property to a tenant. This was error. The evidence showed Kerrigan was not a landlord, but instead maintained full control over the property, including the ability to access the property to discover any unsafe conditions and to repair, replace, or give adequate warning of anything that could be reasonably expected to harm others. Kerrigan's lack of actual knowledge the dogs had dangerous propensities was not dispositive on the issue of duty, and Kerrigan failed to meet his initial burden on summary judgment. We reverse the judgment as to Kerrigan in his capacity as trustee

---

[1] Just after the attack, the dogs' owner was found deceased on the property in an advanced stage of decomposition.

of the landowner and remand for further proceedings.[2] We affirm the judgment as to Kerrigan in his individual capacity.[3]

## FACTUAL AND PROCEDURAL HISTORY

On November 7, 2019, plaintiff was walking in front of the property when "suddenly and without warning, plaintiff was viciously attacked and bitten by two large pit bulls that came out of [the property], causing plaintiff severe personal injuries and damages, including fractures." The owner of the dogs, William Hewett, had lost the property in a foreclosure sale to the landowner and been evicted. After the eviction, Kerrigan chained and padlocked the gate to the property. Within months, however, Hewett had dismantled the padlock, removed the chain, and moved back onto the property. Kerrigan knew Hewett was living on the property in a trailer and, in the months leading up to the incident, contacted the Riverside County Sheriff's Department about removing Hewett; he was told the department could remove Hewett, but not his trailer and other belongings.

---

[2] The issues of breach of duty, causation, and damages are not before us and are for determination by the trier of fact. (*Salinas v. Martin* (2008) 166 Cal.App.4th 404, 417, fn. 3 (*Salinas*).) In addition, Kerrigan moved for summary judgment on the entire complaint and did not move alternatively for summary adjudication of the strict liability cause of action. Therefore, the judgment is reversed in its entirety as to Kerrigan in his capacity as successor trustee of the landowner.

[3] Estala's counsel announced at oral argument Estala is not appealing from the judgment in favor of Kerrigan in his individual capacity. That was not clear, however, from the notice of appeal or her briefing on appeal. We therefore address briefly below the court's ruling as to Kerrigan in his individual capacity and affirm that portion of the order and resulting judgment.

In his capacity as trustee of the landowner, Kerrigan visited the property multiple times a year to speak with Hewett for the purpose of instructing Hewett to leave. Kerrigan was aware the dogs were living on the property and had seen them from time-to-time in person. At the time of the incident, Kerrigan was in the process of selling the property.

On November 12, 2020, plaintiff filed a complaint against various defendants alleging causes of action for general negligence, strict liability and liability under the California Food and Agriculture Code, sections 31601– 31683.[4] The first cause of action for negligence was based on the alleged "fail[ure] to warn about and control dangerous animals," resulting in injuries to plaintiff. The second cause of action for strict liability was alleged pursuant to Civil Code section 3342 against the owner(s) of the dogs. The third cause of action was alleged only against the county, and alleged the dogs were escaping through an open gate at the property and had attacked neighborhood dogs in the past.

Plaintiff added Kerrigan as a defendant to the complaint pursuant to a Doe amendment, both as an individual and as trustee of the landowner. Kerrigan eventually became the sole defendant in the action.[5]

---

[4] Plaintiff initially named as defendants the County of Riverside, the Riverside County Department of Animal Services (collectively, the county), the Estate of Erma Kerrigan, the Erma Trust, Colleen Kerrigan, as Trustee of the Erma Trust, the Estate of William Hewett, Joseph Kelly Cox and Does 1 to 25.

[5] The court sustained the county's demurrer to the complaint without leave to amend and separately dismissed the Estate of Erma Kerrigan, the Erma Trust, the Estate of William Hewett and Joseph Kelly Cox. Plaintiff voluntarily dismissed Colleen Kerrigan from the action.

4

Kerrigan moved for summary judgment on plaintiff's complaint. Plaintiff opposed the motion. The court granted Kerrigan's motion. As to the negligence cause of action, the trial court found no triable issue of fact existed showing Kerrigan had actual knowledge of the dangerous propensity of the dogs. As to the strict liability claim, the trial court found there was no triable issue as to the fact that Kerrigan did not own the dogs. The court entered judgment against plaintiff, and plaintiff timely appealed.

DISCUSSION

I.

STANDARD OF REVIEW

Summary judgment is properly granted if "there is no triable issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) "A defendant seeking summary judgment must show that the plaintiff cannot establish at least one element of the cause of action." (*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618; see Code Civ. Proc., § 437c, subd. (p)(2).) If the defendant makes this showing, "the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto." (Code Civ. Proc., § 437c, subd. (p)(2).)

"'On review of an order granting or denying summary judgment, we examine the facts presented to the trial court and determine their effect as a matter of law.' [Citation.] We review the entire record, 'considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained.' [Citation.] Evidence presented in opposition to summary judgment is liberally construed, with any doubts about the evidence resolved in favor of the party opposing the motion."

5

(*Regents of the University of California v. Superior Court, supra,* 4 Cal.5th at p. 618.)

## II.

### THE TRIAL COURT ERRED IN CONCLUDING KERRIGAN, AS TRUSTEE, DID NOT OWE A DUTY TO PLAINTIFF

"'To prevail on her action in negligence, [Plaintiff] must show that [the landowner] owed her a legal duty, that [it] breached the duty, and that the breach was a proximate or legal cause of her injuries.'" (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767.) "'The existence of duty is a question of law to be decided by the court . . . .'" (*Lawrence v. La Jolla Beach & Tennis Club, Inc.* (2014) 231 Cal.App.4th 11, 22.)

For purposes of his motion for summary judgment, Kerrigan assumed as facts plaintiff's allegations that she was attacked by both dogs when she was walking outside in front of the property, the dogs had escaped from the property unrestrained either through an open gate or from a hole in the fence, and plaintiff had no advance warning. The trial court granted summary judgment in favor of Kerrigan because he was not the owner of the dogs and did not have prior knowledge of any dangerous propensity of the dogs. We conclude this was error and that Kerrigan, as trustee of the landowner, owed a duty of care to plaintiff.

We start with the statutory proposition that "[e]veryone is responsible . . . for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property . . . ." (Civ. Code, § 1714.) Courts "'have repeatedly declared the existence of a duty by landowners to maintain property in their possession and control in a reasonably safe condition.'" (*Lawrence v. La Jolla Beach & Tennis Club, Inc., supra,* 231 Cal.App.4th at p. 22.) "A landowner ""has an *affirmative duty* to

6

exercise ordinary care to keep the premises in a reasonably safe condition, and therefore must *inspect* them or take other proper means to ascertain their condition. And if, by the exercise of reasonable care, he would have discovered the dangerous condition, he is liable.'"'" (*Salinas, supra,* 166 Cal.App.4th at p. 412; *Staats v. Vintner's Golf Club, LLC* (2018) 25 Cal.App.5th 826, 833.)

This duty extends not only to persons who come on to the property, but also to persons off the property who suffer injuries due to the landowner's lack of due care in the management of his property. (*Davert v. Larson* (1985) 163 Cal.App.3d 407, 410.) For example, a landowner may be held liable for negligently allowing an animal to escape from his property causing injury. (See *Davert v. Larson, supra*, 163 Cal.App.3d at p. 410.) "Although liability might easily be found where the landowner has actual knowledge of the dangerous condition, '[t]he landowner's lack of knowledge of the dangerous condition is not a defense. He has an *affirmative duty* to exercise ordinary care to keep the premises in a reasonably safe condition, and therefore must *inspect* them or take other proper means to ascertain their condition. And if, by the exercise of reasonable care, he would have discovered the dangerous condition, he is liable.'" (*Swanberg v. O'Mectin* (1984) 157 Cal.App.3d 325, 330.) Indeed, "courts have imposed a duty to prevent the harm caused by a third party's animal when a defendant possesses the means to control the animal *or the relevant property* and can take steps to prevent the harm." (*Cody F. v. Falletti* (2001) 92 Cal.App.4th 1232, 1236, italics added; *Alcaraz v. Vece* (1997) 14 Cal.4th 1149, 1156 [the duty "to maintain land in one's possession in a reasonably safe condition

exists even where the dangerous condition on the land is caused by an instrumentality that the landowner does not own or control"].)

With respect to a landowner's duty, "'"*[t]he crucial element is control.*"'" (*Salinas, supra,* 166 Cal.App.4th at p. 414.) *Salinas* is on point. One of two pit bulls that were loose on the landowner's property with his knowledge and consent while the property was under construction attacked a worker who came onto the property. (*Id.* at pp. 408–409.) The landowner had "no knowledge of prior specific incidents of violence or aggressiveness by the dogs." (*Id.* at p. 415.) Because the property was under construction, the regular appearance of people was expected. (*Id.* at pp. 415–416.) The landowner in *Salinas* did not lease the property to the dog's owner, but rather continued to control the premises. (*Id.* at pp. 408, 409, 416.) But, as the trial court erroneously did here, the lower court in *Salinas* applied standards of duty applicable to *landlords* who have relinquished control of their property to a tenant, and it concluded the landowner did not owe a duty of care to the person attacked by dogs on the property because the landowner lacked knowledge of the dogs' dangerous tendencies. (*Id.* at p. 409.)

Reversing the judgment in favor of the landowner, the *Salinas* court held: "This is not a case . . . in which the plaintiff has asserted passive neglect on the part of a landlord for failure to inspect or take security measures to protect third parties from a dangerous condition on a tenant's property. The present action is distinguishable on many decisive levels. First and foremost, respondent was not an absentee landlord with limited access to the property. He did not surrender his possessory interest in the property in any way; he continued to control the premises at least intermittently while the construction project proceeded. The dog owners were not respondent's tenants who had sole possessory rights associated with the property, but

8

rather temporary invitees . . . . And unlike tenants, they were neither vested with exclusive possession of the property nor were entitled to keep their dogs there without express permission granted by respondent. Thus, the essential foundation that underlies the carefully circumscribed duty imposed upon landlords—the restraint upon the landlord's right to engage in intrusive oversight or control of the tenant's use of the property—is absent here." (*Salinas, supra,* 166 Cal.App.4th at p. 413.)

The same is true here. Kerrigan was not a landlord, and Hewett, the dogs' owner, was not a tenant with the right to exclusive control and possession of the property.[6] Hewett was a *squatter* and therefore was not in lawful possession of the property. (See Pen. Code, § 602.5 [squatting is a misdemeanor].) And the evidence before the trial court showed that at the time of the attack, (1) Kerrigan was aware the dogs were living with Hewett on the property, (2) the property was listed for sale and Kerrigan, through his agent, was inviting potential buyers and/or their agents to enter and exit the property through the front gate that secured the property, and (3) the landowner owned and controlled the property from which the dogs escaped.

_____

[6] In *Uccello v. Laudenslayer* (1975) 44 Cal.App.3d 504, the court held a landlord who has given exclusive possession of the property to a tenant can only be liable for injuries caused by a tenant's dog if the landlord had actual knowledge of the dog's vicious propensity, which can be satisfied either by direct evidence or by circumstantial evidence the landlord must have known about the dog's dangerousness. This actual knowledge rule has been followed in other cases. (See e.g., *Lundy v. California Realty* (1985) 170 Cal.App.3d 813; *Portillo v. Aiassa* (1994) 27 Cal.App.4th 1128.) But even landlords who have signed a lease with a tenant cannot totally abrogate their responsibilities. (*Mora v. Baker Commodities, Inc.* (1989) 210 Cal.App.3d 771, 781.) They must, for example, "inspect the premises to make the premises reasonably safe from dangerous conditions" at those times they have access to and control over the property. (*Ibid.*; see *Uccello v. Laudenslayer, supra,* 44 Cal.App.3d at p. 512.)

9

Under these facts, there is no public policy reason like that applicable to landlords to deviate from the general statutory duty imposed on landowners by Civil Code section 1714. (*Kesner v. Superior Court* (2016) 1 Cal.5th 1132, 1143.) We measure public policy "by balancing these major considerations: the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and the consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved." (*Wylie v. Gresch* (1987) 191 Cal.App.3d 412, 416, citing *Rowland v. Christian* (1968) 69 Cal.2d 108, 112–113 (*Rowland*).)

"'Foreseeability and the extent of the burden to the defendant are ordinarily the crucial considerations, but in a given case one or more of the other *Rowland* factors may be determinative of the duty analysis.'" (*Salinas, supra,* 166 Cal.App.4th at p. 412.) "[A] danger does not have to 'previously manifest' to be foreseeable. ""[T]he mere fact that a particular kind of an accident has not happened before does not . . . show that such accident is one which might not reasonably have been anticipated.' [Citation.] Thus, the fortuitous absence of prior injury does not justify relieving [a] defendant from responsibility for the foreseeable consequences of its acts."'" (*Staats v. Vintner's Golf Club*, *LLC, supra,* 25 Cal.App.5th at pp. 838–839.)

The issue here is whether the presence of two large pit bulls roaming unrestrained on the property at a time when the property was occupied by a squatter and in the process of being sold created a general risk of foreseeable injury—the possibility the dogs would attack a passerby. We

10

conclude the answer is yes. It was foreseeable the gate might be left open while the property was being shown to potential buyers, or by Hewett, and the dogs would escape and harm someone. (See *Salinas, supra*, 166 Cal.App.4th at p. 415 [foreseeability is a crucial factor in determining the existence and scope of the landowner's duty].) The evidence before the court also showed Kerrigan's real estate agent had asked Hewett to remove the dogs from the property while it was being shown to agents of potential buyers, and Kerrigan was aware of that request and thought it was a good idea.

Next, Kerrigan did not even attempt to argue it would have been a burden on him to exercise due care regarding the dogs, including securing the gate, posting a warning, or ensuring the dogs were controlled or removed; nor could he. As was the case in *Salinas, supra,* 116 Cal.App.4th 404, "the extent of the burden imposed on [Kerrigan] to exercise due care was minimal. . . . [U]nlike a residential landlord respondent was not required to encroach upon his tenant's possession and enjoyment of the property to inspect the premises and undertake efforts to remove the dangerous condition." (*Id.* at p. 416.) Finally, "considering the final *Rowland* factor, we observe that normally insurance is available for homeowners to cover the risk that eventuated here." (*Salinas* at p. 416.)

For the foregoing reasons, we conclude Kerrigan failed to meet his burden on summary judgment of showing he did not owe a duty of care to plaintiff.[7] (See *Barber v. Chang* (2007) 151 Cal.App.4th 1456, 1467

---

[7] Because Kerrigan failed to meet his initial burden on summary judgment, the burden never shifted to plaintiff to raise a triable issue of fact. Therefore, the court's rulings on Kerrigan's objections to the evidence submitted by plaintiff are not at issue and we need not address them.

11

[defendant has initial burden on summary judgment to demonstrate no duty of care is owed].) As a matter of law, he did. Kerrigan had a duty on behalf of the landowner to use reasonable care to keep the property in a reasonably safe condition, including the duty to use reasonable care to discover any unsafe conditions and to repair, replace, or give adequate warning of anything that could be reasonably expected to harm others. (See CACI No. 1001.) The trial court therefore erred in granting summary judgment to Kerrigan in his capacity as trustee of the landowner.

III.

SUMMARY JUDGMENT WAS PROPERLY GRANTED TO

KERRIGAN IN HIS INDIVIDUAL CAPACITY

The undisputed evidence before the trial court on summary judgment was that Kerrigan did not own the dogs or the property from which they escaped. Therefore, summary judgment was properly granted in favor of Kerrigan in his individual capacity.[8]

---

[8] Plaintiff's cause of action for strict liability was based on Civil Code section 3342, which provides that "[t]he owner of any dog is liable for the damages suffered by any person who is bitten by the dog while in a public place . . . regardless of the former viciousness of the dog or the owner's knowledge of such viciousness." (*Id.*, subd. (a).)

12

## DISPOSITION

The judgment is reversed and remanded as to plaintiff's complaint against David Kerrigan in his capacity as successor trustee to the Erma Kerrigan Trust. The judgment in favor of David Kerrigan in his individual capacity is affirmed. Appellant shall recover her costs on appeal.


GOODING, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


SCOTT, J.